IN THE

## COUNTY OF LINCOLN, MAY TERM, 1837.

WARREN L. HOUDLETTE *vs.* JONATHAN S. TALLMAN.

Where the law can pronounce upon a state of facts relative to a sale of goods, that there is, or is not a delivery and acceptance, it is a question of law, to be decided by the Court; but where there may be uncertainty and difficulty in determining the true intent of the parties, respecting the delivery and acceptance, from the facts proved, the question of acceptance is to be determined by the jury.

When in a conversation relative to the sale of goods, the agreement is, that the payment of the price is to be made at the time the property is removed, these are concurrent acts, and the right of property does not pass before these acts take place.

So long as there remains a further act to be performed to determine the quantity or price of the goods, the sale is incomplete, and the property does not pass.

TROVER for 38 tons of screwed hay. The plaintiff introduced evidence tending to prove by parol a sale of the hay, on the 9th of *April*, 1835; and a material question arose, whether there was proof of a delivery. It was proved, that the hay was previously all screwed, and weighed and labelled, and the weight marked on each bundle. The hay was all in one barn, and the sale, if such it was, embraced all the hay. There was proof, that the price agreed on was $11,50 per ton, and that it was not to be taken away from the defendant's barn until the 5th of *June* following, and was to be

paid for before taken away. No earnest money was paid, and there was nothing in writing, and the plaintiff did not prove, that the quantity of hay was ascertained by the parties by adding up the marks of the weights on the bundles, or in any other way, but only that the defendant estimated the quantity at about 38 tons. The defendant sold the hay during the latter part of *May*, for $16,50 per ton.

The instruction requested by the counsel for the plaintiff, and that given by *Weston C. J.* at the trial, appear in the opinion of the Court. The jury returned their verdict for the defendant, stating in writing, that the bargain was not closed until the bundles were counted, and the weight of each added up. The verdict was to be set aside, if the instruction was erroneous.

*F. Allen*, for the plaintiff, contended, that where every thing was done, so that it was unnecessary to have the parties together to complete the bargain, the contract is complete, and it does not fall within the statute of frauds. Here all the hay in the barn was sold, the price and the weight agreed, and the presence of the other party was unnecessary. The subsequent sale of the hay before the time fixed for taking it and paying for it, dispenses with the necessity of a tender. He cited *Chaplin* v. *Rogers*, 1 *East*, 192; *Anderson* v. *Scott*, 1 *Campbell*, 235, *note*; *Elmore* v. *Stone*, 1 *Taunt.* 458; *Wyman* v. *Winslow*, 2 *Fairf.* 398.

*Mitchell*, for the defendant.

The plaintiff never did any act whatever relating to the hay. All was done by the defendant before the conversation about the sale to the plaintiff took place. The case is clearly within the statute of frauds. If the goods are to be weighed, or marked, or the price or quantity to be ascertained, the sale is not complete, and is not binding on either party. *Phillips* v. *Hunnewell*, 4 *Greenl.* 376; 2 *Kent's Com.* 3d ed. 497, 502, and cases cited; *Howe* v. *Palmer*, 3 *B. & Ald.* 321; *Hodgson* v. *LeBret*, 1 *Campbell*, 233.

The leading case cited for the plaintiff from *East*, was examined and placed on its true grounds in *Rice* v. *Austin*, 17 *Mass. R.* 197.

The opinion of the Court, after a continuance for advisement, was drawn up by

SHEPLEY J. — In *April*, 1835, the defendant having in his barn a quantity of hay, which had been screwed, weighed, and labelled, had a conversation with the plaintiff respecting the sale of it. In this conversation the plaintiff agreed to purchase and the defendant to sell all the hay then in the barn, estimated to be about thirty-eight tons, at eleven dollars and fifty cents per ton. The hay was not to be removed from the defendant's barn until the fishing season was over, which would be about the fifth of *June* then next, and payment was then to be made. There was no written contract between the parties, nor was there any earnest money paid.

The counsel for the plaintiff requested the Judge to instruct the jury, that where nothing remained but to add together the several marks to determine the quantity, the bargain might be considered complete.

This was declined, and the jury were instructed, that if the parties had not agreed upon the quantity, and it was necessary to ascertain it, to examine the bundles, take the weight of each, as found labelled upon them, which would make it necessary where some of the bundles were on the top of others to remove them, in order to inspect the labels, and to add up the weight of the several bundles, the sale and transfer was not complete.

The third section of the act to prevent frauds and perjury was derived from the seventeenth section of the act of 29 *Car.* 2. *ch.* 3, the language of which has received a construction in the country from which it was taken ; and certain definite rules seem to have been so well established, that they may be regarded as applicable to other cases which may arise.

Where payment of the price is to be made at the time the property is removed, these are concurrent acts, and the right of property does not pass before these acts take place. *Tempest* v. *Fitzgerald*, 3 *M. & S.* 680.

Where the vendor has any claim or lien upon the property there is no delivery and acceptance within the statute. *Baldney* v. *Parker*, 3 *B. & C.* 37 ; *Thompson* v. *Maceroni*, *idem.* 1.

So long as the purchaser has a right to object to the quantity or quality of the goods there can be no such acceptance as the statute

Houdlette *v.* Tallman.

requires. *Howe* v. *Palmer,* 3 *B. & A.* 321 ; *Hanson* v. *Armitage,* 5 *B. & A.* 557.

Where any act remains to be done to constitute an ultimate acceptance by the vendee the sale is not perfected ; as where a horse was to remain with the vendors twenty days, without charge to the vendee, and the horse was then put to grass by direction of the vendee, and by his desire was *entered, as the horse of the vendor.* *Carter* v. *Toussaint,* 5 *B. & A.* 855 ; *Kent* v. *Huskisson,* 3 *B. & P.* 283.

There must be a delivery and acceptance, but where the goods are ponderous it may be constructive or symbolic, as by the delivery of the key of the place where they are deposited to the vendee. 2 *P. Wms.* 308. Or by the acceptance of a sample, *it being a part of the quantity* to be delivered. *Hinde* v. *Whitehouse,* 7 *East,* 558. But the acceptance of a sample not being part of the quantity, is not such a delivery. *Cooper* v. *Elston,* 7 *T. R.* 10.

The counsel for the plaintiff relies upon the case of *Chaplin* v. *Rogers,* 1 *East,* 192, and argues, that the case was not rightly understood by the Court in the case of *Rice* v. *Austin,* 17 *Mass. R.* 204, because it was there regarded as a case where the purchaser had exercised acts of ownership over part of the goods, when in fact it appears from the case, that the person who took part of them on his account had no authority to do it. But Mr. Justice *Bayley,* in *Howe* v. *Palmer,* speaking of the case of *Chaplin* v. *Rogers,* says, the jury thought there was sufficient evidence to draw the conclusion of an actual acceptance, inasmuch as the vendee had dealt with the hay as his own ; and he appears to have understood the case to be substantially what it was understood to be by the Court in the case of *Rice* v. *Austin.* And perhaps it may be necessary to consider the case as turning upon that point to admit its authority.

Where the law can pronounce upon a state of facts, that there is, or is not, a delivery and acceptance, it is a question of law to be decided by the Court. But where there may be uncertainty and difficulty in determining the true intent of the parties respecting the delivery and acceptance from the facts proved, the question of acceptance is to be decided by the jury. *Blenkinsop* v. *Clayton,* 7 *Taunt.* 597 ; *Chaplin* v. *Rogers,* 1 *East,* 194 ; *Phillips* v. *Bistolli,*

2 *B* & *C.* 511. The application of these principles to the state of facts will determine, that the sale was incomplete, and within the statute of frauds. There remained a further act to be performed to determine the quantity ; and the instructions must be regarded as correct.

The defendant had a right to object to the quantity until it was fully and finally ascertained, so as to require no further investigation ; and he was not therefore bound by what had taken place. The price also was to have been paid, when the hay was removed, and for that reason the sale was not perfect. If these difficulties had not been presented, the equivocal acts of the parties might have been left to a jury, as they were in this case, upon which the jury have decided that the sale was incomplete.

*Exceptions overruled.*