SIGERSON, RESPONDENT, vs. HARKER, APPELLANT.

1. Where there is a sale, with warranty, of a lot of goods, consisting of many articles, the vendee cannot select such, as he supposes, corresponds with the warranty, and return the balance. If, in such case, there can be a recision of the contract, it must be entire.

2. In sales, with warranty, when the articles sold are to be delivered, not at once, but continuously, from time to time, the reception of a portion of the articles, corresponding with the description, does not compel the vendee to accept others, deficient in quality, especially, in cases, where the portion received has been, in any way, appropriated, or placed in a condition, rendering a return inconvenient.

3. There is authority for saying, that between vendor and vendee, an order on a depository is a delivery of goods sold, when the order has been delivered to the vendee.

## APPEAL from St. Louis Court of Common Pleas.

### STATEMENT OF THE CASE.

Sigerson sued Harker, under the new code, on the 14th January, 1850. The petition states, that defendant owes plaintiff $164, under the following agreement, to-wit: The plaintiff sold to said defendant a certain quantity of land, for which defendant was to deliver to plaintiff about 700 pork barrels; a portion of which was on the wharf at St. Louis, and another portion was represented to be of the same quality as those on said wharf, and were in store, and the balance in cash. For the pork barrels in store, defendant gave plaintiff a written order which order is now in the hands of Shidy & Loomis, on whom the same was drawn. Plaintiff states, that 164 barrels, for which he received defendant's order, were not such barrels as they were represented to be by defendant, but wholly inferior in quality and entirely unfit to be used for packing pork, for which purpose they were sold. Plaintiff further states, that said barrels were not ready for delivery when said order of defendant was presented, and that such barrels, as plaintiff was entitled to under his agreement with said defendant, were worth one dollar per barrel; of all which defendant had notice. Plaintiff asked for judgment for $164, it being the balance due him together with interest.

Defendant, in his answer, denies that he owes plaintiff $164 or any other sum; denies that he warranted said barrels, or made any representation about them, amounting to a warranty, but that plaintiff took them on his own judgment, after inspecting them, and at his own risk. He admits giving the order on Shidy & Loomis, but says that plaintiff never returned said order to him nor offered to do so, nor did plaintiff return or offer to return said barrels, or give defendant notice of any defect in them, till some time after the giving of said order; which conduct of plaintiff, defendant maintains, wholly deprives plaintiff of all claim on defendant, if he ever had any.

On the trial, plaintiff offered the deposition of William S. Hungerford, who acted as agent for plaintiff in the purchase of the barrels. Defendant objected to so much of this deposition as purports to state a contract between plaintiff and defendant, and a warranty of the barrels sold, on the ground that the sale bill or receipt, which was attached as an exhibit to said deposition, was a written contract about the subject matter between the parties, and excluded

Sigerson vs. Harker.

all evidence of a verbal contract or warranty. The following was the writing referred to:

"St. Louis, December 31, 1849.

Mr. John Sigerson;

Bought of J. W. Harker:

To 836 pork bbls., at $1 ················ ······ ···· ···· ···· ···· ···· ···· $836 00

Drayage of 105 bbls ······ ······ ···· ······ ···· ···· ···· ···· ······ ······       1 55

Received payment,            $837 55

JOHN W. HARKER."

The objection was overruled by the court and defendant excepted. The deposition was then read, Plaintiff's proof tended to show that John G. Law & Co. sold through Hungerford, the agent of plaintiff, one hundred tierces of lard to defendant, which was paid for by defendant, partly in 836 pork barrels and balance in cash; that plaintiff took the barrels on the levee and made no objection to them; that there were 214 bbls in store with Shidy & Loomis, for which defendant gave plaintiff the following order, to-wit:

"St. Louis, January 2d, 1850.

Messrs. Shidy & Loomis will please deliver Mr. J. Sigerson the 214 pork barrels I have in your warehouse, and much oblige          J. W. HARKER."

That these barrels were old ones that had laid over one season; that defendant said that those in store were as good as those on the levee, which were new barrels; that plaintiff took a portion of the barrels at Shidy & Loomis'; that some were used and some sent back, as they would not hold brine, and that plaintiff refused to take any more; that plaintiff notified defendant that they would not answer, as soon as it was discovered; that about a week after the sale of the barrels, plaintiff called for them and they were not ready, as they needed coopering that if any of the hoops were off the barrels they were to be put on; that they were bought at $1 per barrel; that the rejected barrels were 164, and were worth nothing for plaintiff's purpose; that they were worth from twenty to forty cents, as dry barrels; that it was about a week after the sale that defendant was notified; that defendant's order to plaintiff on Shidy & Loomis was never returned to defendant, but delivered to Shidy & Loomis, who retained it and had possession of it at the time of trial; that plaintiff returned to Shidy & Loomis some barrels he had never taken from them; that those returned were in bad condition, with the heads of many knocked out, and the hoops off; that neither plaintiff nor defendant would take them, and it was not known what had become of them.

Plaintiff offered in evidence the sale bill, attached to Hungerford's deposition, to which defendant objected, on the ground that it was a contract in writing between the parties, and was not declared on. The court permitted it to be read, to which defendant excepted. Plaintiff then closed his case, and the defendant asked the following instruction which the court refused, to which defendant excepted, viz:

1. The written bill of sale or bill and receipt for the barrels, exhibited to the jury, is the only legal evidence of the contract of sale of the barrels between plaintiff and defendant, and plaintiff not having declared on that written contract, cannot recover in this action.

Defendant's proof tended to show, that in the last of December 1849, or 1st of January 1850, defendant sent a cooper to Shidy & Loomis' warehouse, to put a lot of barrels in good condition; that such as needed coopering, were coopered, tightened, blowed and put in good condition; that blowing barrels is tightening them and putting water into them to ascertain if they will hold and not leak; that some of them might have leaked a little at first, that the best of barrels are apt to leak a little at first; that good barrels were then selling at about seventy-five cents, having fallen in price within a few days; that these barrels were worth about twenty-five cents, or two-thirds less than new or proof bbls. This was the substance of the evidence. Defendant then asked the following instructions:

2. The surrender to Shidy & Loomis of defendant's order on them for the barrels in their hands, constituted a delivery to plaintiff of the barrels called for by the order; and after such delivery, plaintiff could not, without the consent of defendant, return the barrels and sue for

Sigerson vs. Harker.

the price, even if they were inferior in quality to those bargained for: his only remedy in such case would be a suit for damages, on the alleged breach of warranty, but as plaintiff has not sued for damages, but for the contract price, he cannot recover in this action.

If the jury find for the plaintiff, in the matter of the barrels; they will assess, as damages, the difference between the actual value of the inferior barrels, if any, and the market value that the barrels would have possessed if they had conformed to the warranty.

The court refused these instructions, and the defendant excepted. The court gave the following on its own motion:

4. If the jury believe from the evidence, that the plaintiff bought the barrels in question, by sample, or on the faith of defendant's representations, and the barrels were not such as represented, or of the same kind or quality as the sample, the plaintiff is entitled to recover the difference between the actual value of the barrels he kept and the price he paid for them, as to such as did not agree with the sample or representations: and for the barrels returned in a changed condition, the difference between their actual value, when received by the plaintiff, and the price paid for them. The defendant excepted. The jury found for plaintiff $164. Defendant moved for a new trial; the court overruled the motion; defendant excepted and appealed to this court.

GRAY, for appellant.

The sale bill, signed by defendant, was the contract of sale between the parties, reduced to writing: 9 Vert. R., 285; 5 Harr. & John, 117; 6 ib. 249, 4 Taunt., 779; 9 Metcf., 83; 23 Pick. 256; 18 ib., 47; 3 Wend. 459; 4 Conn. 430. This sale bill contained every essential of the contract. The parties, the time, the character and description of the article sold and the quantity or number, the price or consideration of the sale, and the fact of payment. It was such a bill of sale as is usually given in such cases. It should have been declared and been made the foundation of the action under the code and filed with the petition. It was in plaintiff's possession and was the best evidence of what he bought, and the time of his purchase: Code art, 7, sec. 13.

If, however, said sale bill was not such an instrument as required plaintiff to declare on it, and file it with his petition, but one that he might use in evidence at the trial, it was, nevertheless, evidence in writing, of what the character of the bills was, that were sold; and it was the best evidence of what kind they were to be, and precluded plaintiff from introducing parol evidence of representations made during the negotiation: 4 Tarnt., 779; 1 J. R., 4 14, 461, 467 503; 1 Wend. 424; 1 Greenl. Ev. sec. 275, et seq.

The sale of the barrels was an entire contract; and plaintiff could not affirm it in part and rescind it in part. The plaintiff kept and used the larger portion of the barrels, and having done this he was bound to keep all, and if any were inferior, sue on the contract for damages: Ch. on contract 466, side paging, and 458 a note 2; 12 Wheat. 193; 2 Humph. R. 68; 10 Watts 107; 2 Hill 288; 4 Ib. 626; 2 Kents. 480; Sedgwick on damages 290, Story on contract 551; 14 Mann. 364; Ch. on contract 741 and note (1.)

There being no provision in the contract, that, if any of the barrels were inferior they might be returned. Plaintiff could not, without the consent of the defendant, return the barrels, and the plaintiff, in any event, could only recover the difference between the actual value of the barrels that did not answer the warranty, and the market price of a good article. The instruction asked for by the defendant, on this point, should have been given: Sedgw. on damages, 290, 293; Ch. on contract 466; 2 Hill 288; 4 Hill 625.

The instruction given by the court was erroneous: Authorities, same as above cited. This instruction recognized the right of the plaintiff to sever the contract of sale, and rescind the sale in part, and return a part of the barrels, against the consent of defendant, and recover the price.

This, it seems to me, is clearly not law. The plaintiff cannot affirm the contract, so far

as it suits him, and rescind as to the balance, because, to do so will be most advantageous to him. He must stand by it, as a whole, or rescind as a whole. See authorities above cited.

Knox & Kellogg, for respondent.

1. The court committed no error in refusing the first instruction asked by the defendant, that the receipt offered in evidence was merely evidence of payment, and for which the payment was made, and was not a contract between the parties; nor did it preclude the plaintiff from showing the terms of the contract, and the representations made at the time the contract was made.

2. A sale by sample, is a warranty that the articles sold are equal to the sample: 2 East. 314; 4 B. and Ald. 387; 2 Pick. 219; 4 Cowen 440; 20 Johns 204.

3. The second instruction, asked by the defendant was property refused, for the reason, that there never was an actual delivery of the barrels; but if the court shall be of the opinion that there was such a delivery, then, the plaintiff notified the defendant in due time, that the barrels were not such as they had been represented to be, were unfit for use, and were at the store of Shidy & Loomis: 12 Wheat. 183, Thornton vs. Wynn; 1 Tenn. R. 123, Toners vs. Bennett; 2 Taunton 2; Starkie 107.

The third instruction given by the court was not erroneous—that the plaintiff on proving that the barrels sued for were inferior to the sample, and unfit for use, that they would not be received, but were at the store of Shidy & Loomis, and a notice of then fails to the defendant, was entitled to recover the value of the number of barrels not received; which value was the price agreed upon by the parties, at the time of the sale to the plaintiff.

Scott, J., delivered the opinion of the court.

It can scarcely be necessary to say, that the court committed no error in admitting parol evidence of the contract between the parties, there being no written one. On no pretence can it be said that the open account was a written contract.

The instruction given by the court, at its own instance, was liable to exception. Without entering into the question, whether a contract with a warranty, as to quality in a sale of chattels, which contract has been executed, the vendee, for a breach of warranty in a case unaffected with fraud, can return the article, when there has been no stipulation to that effect, and recover the purchase money, or is driven to his action on the warranty, we are of opinion, that on other grounds the instruction cannot be sustained. The charge goes the length of maintaining, that in a sale of goods with warranty, the vendee may take them, select such as will answer the warranty, and return the remainder. In such a case, if there could be a recision of the contract, it would seem that it should be entire. Where there is a sale, with warranty, of a lot of goods, consisting of many articles, it would be manifestly unjust to permit the vendee to select such, as he supposed, corresponded with the warranty, and return the remainder. Such a course, in most cases,

would prejudice the sale of the rejected articles. The separation would diminish the probability of a sale of them. A good article may sell a bad one, and many good ones may frequently carry along with them a few that are indifferent. The evidence shows, that there were barrels returned which were not taken from Shidy & Loomis' warehouse; and as those at Darrah & Pomeroy's were of good quality and not complained of, we must suppose that some of the returned barrels composed, in part, the lot on the levee. We are aware that there may be sales with warranty, when the articles sold are to be delivered, not at once, but continuously, from time to time. In such cases, the receiving of a portion of the articles which corresponded with the description, would not compel the vendee to accept others which were deficient in quality, especially in cases where the portion received has been in any way appropriated, or placed in a condition which rendered a return of it inconvenient. So, manifactured articles may be sold to answer a particular purpose. In such cases, the contract is considered executory, and the articles, upon a reasonable trial, within proper time, may be returned, if it is found not to answer the purpose for which it was sold. These principles do not affect the case before us.

There is authority for saying, that between vendor and vendee, an order on a depository is a delivery of goods sold, when the order has been delivered to the vendee.

The other Judges concurring, the judgment is reversed and the cause remanded.