## MEANS *versus* WILLIAMSON.

To make a sale of personal property valid without a written contract, where nothing is paid, there must be a *legal* delivery.

But it is not necessary for *such delivery*, that the property should pass into the hands of the vendee; if it is so situated,· that he is entitled to, and can rightfully take possession of it at his pleasure, the sale is perfected.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

ASSUMPSIT. This action was commenced on Nov. 20, 1850, on the following account: — Oct. 6, 1849. For 1 chaise and harness, $30,00.

It appeared in evidence, that the defendant wished to buy a second hand chaise which was owned by the plaintiff. It was in the stable attached to the plaintiff's house. The parties went out to look at it, and soon returned to the plaintiff's store and had a conversation as to the price of the chaise and manner of payment. The price of chaise and harness was $30,00, to be paid for in wood, at market price, part hard wood to be delivered the next winter, and part soft wood from the mill where the defendant then worked.

The defendant spoke of not having at that time a proper place to keep the chaise; and said he should have to build a shed. The witness also said, that the substance of the conversation was, that the chaise was to remain where it was until the defendant should build his shed.

The defendant never delivered any wood, or removed the chaise, nor has it been used by the plaintiff.

The case was referred to the decision of the full Court, and submitted without argument.

SHEPLEY, C. J. — The suit has been commenced to recover an agreed price for the sale of a chaise and harness. The testimony shows, that a bargain was completed for the sale at an agreed price, to be paid at a future time in wood at the market price. There having been no payment in part, or written contract, the question is, whether the sale was completed by a delivery.

When the bargain was made the chaise was in the plaintiff's stable, where it had been examined by the parties and the defendant had spoken of having no proper place to keep it, and that he should have to build a shed. The witness appears to have stated without objection, " the substance of the conversation was, that the chaise was to remain where

it was, until the defendant should build his shed." It was so to remain not as security for payment, but at the pleasure of the defendant, and for his accommodation. Nothing further remaining to be done; the sale was completed, if there was a legal delivery. For that purpose it is not necessary, that the property should pass into the actual possession of the vendee.

When it was so situated, that he is entitled to, and can rightfully take possession of it at his pleasure, he is considered as having actually received it, as the statute requires, although it may by his request have continued in the custody of the vendor. · *Houdlette* v. *Tallman*, 14 Maine, 400; *Chapman* v. *Searle*, 3 Pick. 38; *Riddle* v. *Varnum*, 20 Pick. 280; *Barrett* v. *Goddard*, 3 Mason, 107. In the latter case, the cases bearing upon the question of such a delivery were examined, and Mr. Justice STORY stated, as his conclusion, " that a continuance of the possession of the vendor does not prevent the delivery being completed, if nothing further remains to be done on either side, and the possession is by mutual consent."

The sale should not be regarded as defeated by a favor granted by the vendor to the vendee upon request.

*Defendant defaulted.*

TENNEY, RICE, APPLETON and CUTTING, J. J., concurred.