ALEXANDER WILLIAMS, Appellant, *v.* MELVIN L. GRAY, AD-MINISTRATOR OF AUGUSTUS H. EVANS, Respondent.

*Contract — Sale — Delivery.*—Where the seller has performed all that was required of him by the terms of the contract, and delivery alone remains to be made, the property vests in the buyer so as to subject him to the risk of accident which may befall the subject of the sale. Where goods are in possession of a bailee of the vendee, a bill of sale by the vendor gives an immediate and valid title to the purchaser. What amounts to a delivery of goods sold, is, when the facts are given, a question of law for the court.

*Appeal from St. Louis Circuit Court.*

*G. P. Strong*, for appellant.

I. To constitute a delivery in this case it was necessary that Evans should relinquish his claim to the property sold as owner and that Williams should assume the control of it, or that some act should have been performed by the seller which by the consent of both parties should be regarded as a surrender of possession by the seller and an acceptance of possession by the buyer. Without such delivery the sale was incomplete—2 Sto. on Cont. §§ 799, 800 *b*, 801 *a*, 805, 809, 810 ; Long on Sales, 275, 276, 286 ; Hart v. Tyler, 15 Pick. 171 ; Whitney v. Linde, 16 Vt. 579 ; Cobb v. Haskell, 14 Me. (2 Shep.) 303 ; Bailey v. Ogden, 3 John. 389, 419.

II. The court below erred in not submitting the question to the jury, whether or not there was an understanding or agreement between the parties that Williams was not to receive the negroes until he had got a boat.

The instructions given for defendant exclude altogether all idea of any agreement about the time of delivery. The court ruled that if the money had been paid and Evans ordered the jailor to deliver the negroes, this was a good delivery, even though there might have been a clear and undisputed agreement that no delivery should be made until a future period.

The authorities cited by defendant, so far as examined, all affirm the proposition of plaintiff, that there must be an assent express or implied on the part of the buyer to make any particular acts amount to a constructive delivery, and that such acts will not constitute a delivery unless there be such assent.

*M. L. Gray*, for respondent.

I. Delivery by vendor to vendee of order on person holding property is a sufficient delivery to pass title—Long on Sales, (Rand's ed.) pp. 285-6 ; Chit. on Cont. (7th Am. ed.)

390, note 2, and authorities cited; id. 378; 3 Caines, 182, and note *a* on p. 183; 5 J. R. 335; 15 Mo. 101; 2 Esp. 598; 7 Taunt. 278; 9 Pick. 347; 29 Penn. 356; Sto. on Sales, §§ 311–12; Hill. on Sales, ch. 7, tit. Delivery, §§ 9–12 & 25; 2 Cai. 38; 2 Duer, 318, 326; 10 Pick. 454, 458-9.

II. Payment of purchase money on bargain struck vests title in vendee—2 J. R. (per Thompson, J.) 16; 7 Cush. 268, 272, 274; 8 How. (U. S.) 384; 7 Ark. 197.

III. Where vendor has no further act to do, title passes— 7 East, 558; Sto. on Sales, §§ 298–301.

WAGNER, Judge, delivered the opinion of the court.

Williams, the appellant, sued Evans, the respondent, claiming the sum of twenty-five hundred dollars as damages for the alleged non-delivery of the two slaves, named Isham and Judy Ann, which he alleged he had purchased of the respondent for the sum of nineteen hundred and fifty dollars cash paid for the same.

From the record, the facts appear to be that the slaves had been arrested by order of respondent and committed to the custody of the jailor of St. Louis county as his property. Whilst they were in jail the appellant purchased them from the respondent for the sum of nineteen hundred and fifty dollars, twelve hundred dollars of which was paid to respondent and seven hundred and fifty dollars was paid to two men by the name of Newcomb and Duvall, by direction of respondent, for their services in hunting up and procuring the arrest of the slaves.

When the money was paid, the respondent executed and delivered to the appellant a bill of sale conveying the slaves; and afterwards, both respondent and appellant together with Newcomb and Duvall went to the jail where the slaves were confined, to settle with the jailor and pay him his fees for keeping them. When the jail fees were paid, the respondent informed the jailor that he had sold the slaves to appellant, and ordered him to deliver the same to him (the appellant) whenever he called for them, to which the jailor assented.

The slaves were in another apartment, and were not produced in the actual presence of the company or the parties. The appellant left them in the possession and custody of the jailor until he could engage passage on a boat to transfer them to his home in Nashville, Tenn. Having succeeded in finding a boat destined for Nashville, in a short time and on the same day he returned to the jail and demanded of the jailor possession of the slaves, but the jailor, acting under instructions of the sheriff, refused to deliver them. It seems that the slaves had instituted suit in the St. Louis Circuit Court for their freedom, and in pursuance of the law the court had made an order to have them hired out, and forbidding their being removed from its jurisdiction till the suit was determined: The order was not served till after the departure of the appellant for the boat, and, had it not been for that, the jailor states that he would have delivered the slaves to him on his return, when demanded. The appellant then commenced this proceeding against the respondent for non-delivery of the slaves. The court below, by its instructions, held that the delivery was complete, and that the property passed to the vendee; and from this decision the appeal is prosecuted. This is really the only question in the case.

It is held by the adjudged cases, which are very numerous, and also by the elementary writers, that when the seller has performed all that is required of him by the terms of the contract, and delivery alone remains to be made, the property vests in the buyer so as to subject him to the risk of any accident which may befall the subject matter of the sale. —Sto. on Sales, § 300; Willis v. Willis, 6 Dana, 48; Sweeney v. Ousley, 14 B. Mon. 413; 2 Kent Com. 492–3; Olyphant v. Baker, 5 Denio, 379; Hooban v. Bidwell, 16 Ohio, 509; Zoem v. Browley, 4 Barr, 169; Wing v. Clark, 24 Me. 366; Leonard v. Davis, 1 Black, (U. S.) 476. It is not even necessary for the seller to deliver the goods to the buyer in order to transfer and render the title complete; for the right of property is not dependent upon actual possession. Therefore, the seller may have a right of lien upon them, and can-

not be forced to surrender possession until payment is made of the price, yet the goods may still be at the risk of and the property of the buyer — Sto. *supra*, and authorities cited. And it is not necessary that the property should actually pass into the hands of the purchaser; if it is so situated that he is entitled to and can rightfully take possession of it at his pleasure, the sale is perfected—Means v. Williamson, 37 Me. 556; Houdlette v. Tallman, 14 Me. 400; Barrett v. Goddard, 3 Mason, 107.

In this last case, after a full review of the authorities, Justice Story stated in his conclusion, that "a continuance of the possession of the vendor does not prevent the delivery being completed if nothing further remains to be done on either side, and the possession is by mutual consent."

And on the same principle, where goods are in possession of a bailee of the vendor, a bill of sale by the vendor gives an immediate and valid title to the purchaser without a formal delivery of the possession; the possession of the bailee then becomes that of the purchaser, and operates not merely as a transfer of a right of action, but of the goods themselves —Heine v. Anderson, 2 Duer, 318; Wood v. Tassel, 6 Ad. & El. (N. S.) 234; Sigerson v. Harker, 15 Mo. 101. The law is based upon the grounds that the same person who was the agent of the vendor to keep, becomes the agent of the vendee to keep; and the possession of the agent is the possession of the principal—Hatch v. Bayley, 12 Cush. 29 (Shaw, C. J.); Gibson v. Stevens, 8 How. (U. S.) 384; Gardner v. Howland, 2 Pick. 599.

The bill of sale, made by the respondent and delivered to appellant, transferred the absolute title to the slaves; the contract was executed, and nothing further remained for the vendor to perform; and from the time the jailor was notified of that fact, he held as bailee of the purchaser and not of the seller. The buyer possessed the exclusive ownership and control over the slaves, with the undisputed right of reducing them to possession at his pleasure. If he has any recourse or right of action against the seller, it is evident he

has misconceived his remedy ; it is certainly not for damages arising out of non-delivery.

But it is objected that the court erred in refusing to submit the question to the jury whether there was a delivery ; but, on examining the instructions, we think the court was right. What amounts to a delivery of goods sold, when the facts are given, is a question of law—Hatch v. Bayley, 12 Cush. 29. The instruction left it to the jury upon the evidence to decide whether the facts were true, and directed them hypothetically that if such facts were true they constituted a good delivery. This, in our opinion, was correct. It is only when some act remains to be done by one of the parties, and the contract is not fully completed or executed, when it becomes a matter of intention between the seller and buyer, and is to be submitted to a jury, with all the surrounding circumstances, whether there was a delivery.

With the concurrence of the other judges, the judgment will be affirmed.