GLASS *et al.* v. GELVIN, *Appellant.*

1. **Delivery**: QUESTION OF LAW OR FACT. When there is no dispute as to the facts, the question of delivery is one of law, but where there is a conflict in the evidence it is a question of fact for the jury.

2. **Possession**: VENDOR: VENDEE: AGENT. A vendor may sell goods in the possession of his agent or bailee, and transfer a valid title, the possession of the agent then becoming the possession of the vendee.

3. **Recovery**: PLEADING: INSTRUCTION. Recovery can only be had upon the case made by the pleadings. The issues cannot be changed by an instruction.

*Appeal from Holt Circuit Court.*—HON. H. S. KELLEY, **Judge.**

REVERSED.

*T. H. Parrish* for appellant

There was no such delivery as would excuse the plaintiffs from furnishing the number of hogs sold at the time they were to be weighed, and the instructions of the court upon that point were erroneous. *Williams v. Evans,* 39 Mo. 202; *Means v. Williamson,* 37 Me. 556; *Howdlett v. Tallman,* 14 Me. 400. As a general rule the seller is bound to deliver the exact quantity contracted for. If more or less is tendered, the buyer may refuse to accept any. *Hart v. Mills,* 15 M. & W. 85; *Cundiff v. Harrison,* 6 Exch. 903; *Rommel v. Wingate,* 103 Mass. 327; *Rockford R. R. Co. v. Lent,* 63 Ill. 288; *Wilson v. Wagner,* 26 Mich. 452. Until Fisher was notified of the contract, he held the hogs as bailee of plaintiffs. *Harvy v. St. Louis Butchers, etc.,* 39 Mo. 208, 218; *Upton v. Jamison,* 73 Mo. 234; Benjamin on Sales, p. 672, note a; *Russell v. O'Brien,* 127 Mass. 348; *Carter v. Willard,* 19 Pick. 1; *Bullard v. Wait,* 16 Gray 55; *McCormick v. Hadden,* 37 Ill. 370. The court erred in submitting the case to the jury upon other issues than those made in the pleadings. *Bullene v. Smith,* 73 Mo. 151; *Price v. Railroad Co.,* 72 Mo. 414; *Bank v. Murdock,* 62 Mo. 70; *Bank v. Armstrong,* 62 Mo. 59; *Waldhier v. Railroad Co.,* 71 Mo. 514. If the facts charged in the petition were true, plaintiffs' remedy was an action for the contract price of the hogs, and they cannot recover for a failure of defendant to accept. *Chapman v. Ingram,* 30 Wis. 290; *Hart v. Tyler,* 15 Pick. 171; Story on Sales, § 441; Benjamin on Sales, § 764.

EWING, C.—Respondents sued the appellant in the circuit court of Holt county, and alleged in substance that: They were partners and stock dealers, and shipped to Chicago 345 head of fat hogs to one Fisher, a commission merchant, who was to sell them for plaintiffs; that Glass, one of the plaintiffs, went to Chicago, and after negotiation, sold them to defendant, Gelvin, for $4.60 per hundred, and

a part of the contract of sale was, that defendant was to receive the hogs in Fisher's hands, and was to make Fisher his agent and to pay all charges; that the plaintiffs delivered and defendant received the hogs in Fisher's hands, and gave him instructions for their sale. That defendant refused to pay for the hogs, but abandoned them, and that Fisher, as defendant's agent, sold the hogs for the best price he could, and after paying all charges, (stating the amount,) then paid the remainder, $3,370.39, to plaintiffs, leaving a balance due them of $724.53. The answer was a general denial.

The evidence, on the part of plaintiffs, tended to prove that when the sale was made, about nine o'clock in the forenoon, Glass and Gelvin went to the stock-yards, and the hogs were all there, but Fisher was not; that they returned about eleven o'clock and found Garrett, Fisher's salesman, in the pens; told him the hogs were sold to Gelvin; that Garrett then said to Gelvin, "Then I may consider myself acting under your orders," and Gelvin said "Yes;" Garrett then said he had sold 110 head of them; Gelvin did not object, and then gave Garrett instructions about the hogs. They were to be weighed between twelve and two o'clock. That Gelvin went to Fisher and told him he had bought Glass' hogs, and that a part of the light ones had been sold out, and made a bargain with Fisher to "handle" the hogs for him, the same as he was for Mr. Glass.

The evidence, on the part of the plaintiffs, tended to prove all the allegations of their petition, except that "Fisher, as such consignee and agent of said defendant, sold and disposed of said hogs for the defendant." As to this allegation plaintiff Glass testified: "I ordered Mr. Fisher to sell them. He did so. He sold them for me, at my request, and not for Mr. Gelvin, and the proceeds were applied on my contract with Gelvin. Hogs were going down and they were sold next day after my sale to Gelvin. Fisher

sold the 110 head before Gelvin or myself saw him, after I had sold to Gelvin."

The evidence, on the part of the defendant, tended to prove that when he found Fisher had sold 110 head of the hogs he refused to take the others, although Glass offered to turn over to him the receipts for those sold; that defendant was willing to carry out the contract if the whole number was furnished; that hogs were declining, etc.

I. The first question raised by the appellant is as to the delivery of the hogs after the sale. " When the law can pronounce upon a state of facts that there is or is not a delivery and acceptance, it is a question of law, to be decided by the court. But where there may be uncertainty and difficulty in determining the true intent of the parties respecting the delivery and acceptance from the facts proved, the question of acceptance is to be decided by the jury." *Howdlett v. Tallman,* 14 Me. 400. When there is no dispute as to the facts, it is a question of law. When the evidence is conflicting, the jury must decide. *Hatch v. Bayley,* 12 Cush. 29; *Williams v. Gray,* 39 Mo. 201. In this case the facts were in dispute, there was conflicting evidence; the plaintiffs' evidence tending to prove one thing, and the defendant's just the reverse. This question was, we think, fairly submitted to the jury by the instructions, and their action as to this point must be conclusive.

II. The second point made by the appellant is, in substance, as the first. It is a question of fact as to delivery and acceptance of possession. If the facts are as the defendant's evidence tends to prove, then the authorities cited are in point; but the facts being in dispute, the question is with the jury. The statute of frauds was not pleaded. *Graff v. Foster,* 67 Mo. 512. And if it had been, and the hogs were sold and possession delivered, it would not avail. A vendor may sell goods in the possession of his agent or bailee; and transfer a valid title; and the possession of the bailee then becomes the possession of the vendee. *Erwin v. Arthur,* 61 Mo. 386.

III.   The appellant insists that the instructions of the
court submitted the case to the jury on other issues than
those made by the pleadings.   The first instruction con-
tains, among other unobjectionable things, that if "it was
a part of the contract that said hogs were to remain in the
care of Fisher, as the agent of defendant, to sell and dispose
of the same, and that the defendant afterward refused to
take them, but abandoned the contract, and the hogs were
afterward sold by said Fisher, by direction of plaintiffs, and
the proceeds paid over to plaintiffs," the jury should find,
etc   The petition alleges that said defendant ",has wholly
failed and refused to pay plaintiffs for said hogs so pur-
chased of plaintiffs by him, in the said stock-yards, and in
the hands of said consignee, Fisher, and wholly abandoned
them ; that said Fisher, as such consignee and agent of said
defendant, sold and disposed of said hogs for defendant,"
etc.   There is no variance between this instruction and the
pleading.   The evidence tends to prove that defendant did
abandon the contract, and that the hogs were sold by Fisher
for his account, and the proceeds paid to plaintiffs.   The
instruction substantially submits the same question to the
jury.

All that part of the second instruction material to con-
sider, is as follows :   "If the jury believe from the evidence
that the plaintiffs contracted and sold to the defendant a
certain number and lot of hogs, at a certain price, and at
the time of the sale a part of the hogs had been sold to
other persons by the agent of plaintiffs, and that the de-
fendant thereupon refused to take the remainder of said
hogs because the whole number bought were not there, the
jury should find for the defendant; but if the hogs were
all there when the contract was made, and it was a part of
the contract that the hogs should remain with Fisher &
Co., and they should continue as the agent of the defend-
ant; this was a valid sale, and the fact that a part of them
were afterward sold by said Fisher's salesman before they
were weighed, would not release defendant from the con-

tract.   Or if a part of the hogs had been sold by said sales-
man, and upon learning that fact defendant agreed to and
acquiesced in that sale, and gave instructions to said Fisher,
or his said salesman, as to the sale of the balance of the
hogs remaining in Fisher & Co.'s possession, then, and in
that case, the defendant would be bound by the contract."

The second clause of this instruction is objected to be-
cause it submits to the jury the question of acquiescence
by the defendant in the sale made by Fisher, whereas there
is no such allegation in the petition.   The petition simply
alleges a sale and delivery of the hogs in Fisher's hands,
and an acceptance by the defendant in the agent's hands.
The defendant denied it.   This was the issue.   Now the
plaintiff seeks to say, by this instruction, that if my alle-
gations are not true, nevertheless the defendant ratified and
acquiesced in the sale by Fisher, and is, therefore, liable.
The evidence tended to prove that when Glass and the de-
fendant Gelvin went to see the hogs, and ascertained that
part of them had been sold, he did not object, but gave
Fisher, the commission merchant, instructions concerning
them.   In the case of the *Capital Bank v. Armstrong*, 62
Mo. 59, the defendant Armstrong was sued as the indorser
of a note ; he answered, alleging that certain words were
inserted in the note after he signed it, without his author-
ity, and it was, therefore, void as to him.   The reply denied
the new matter contained in the answer.   The case was
tried on these pleadings, but the evidence tended to prove
a ratification by Armstrong after learning the change had
been made.   The plaintiff sought to submit the question of
ratification to the jury by an instruction.   The court say
the case was tried on the theory of the pleadings, and it is
too late to ask an instruction on the theory of subsequent
ratification.   A party can only recover on the case he makes
in his pleading.   *Moffat v. Conklin*, 35 Mo. 453.   In this
case the petition presents no such issues as that of a subse-
quent ratification by defendant ; and plaintiffs cannot re-
cover if it turns out that a ratification by defendant after

the sale is the true position of affairs. *Iron Mt. Bank v. Murdock & Armstrong*, 62 Mo. 70 ; *Wade v. Hardy*, 75 Mo. 394. The circuit court erred in giving the second instruction for the plaintiff; the issues cannot be changed by an instruction ; they must abide the pleading.

The judgment is reversed and the cause remanded. All concurring.