FLOYD HERRINGTON, R. L. MITCHELL and W. S. PETTIS, Partners Trading Under the Name and Style of the ESTES LUMBER COMPANY, Appellants, v. JULIUS SEIDEL LUMBER COMPANY, a Corporation, Respondent.

St. Louis Court of Appeals.   Opinion Filed January 3, 1922.

1. **SALES: Contracts: Severable and Non-severable.** Unless a contract of sale is, in its nature, clearly apportionable, it is construed to be entire, to the extent of requiring the buyer either to take all of the goods included therein or reject them all.

2. ———: ———: **Not Severable: Cannot Accept Part and Reject Part.** Under a contract of sale of lumber where the parties contemplating the shipment did not intend that each piece of timber so shipped should constitute the basis of a separate and independent contract, the defendant cannot reject a part of the lumber and retain the balance, such contract being entire and not severable.

Appeal from the Circuit Court of the City of St. Louis. —*Hon. Benjamin J. Klene,* Judge.

REVERSED AND REMANDED.

*Wilson & Trueblood* for appellant.

(1) A buyer has no right to accept part and reject a part of the goods purchased, and his acceptance of part will be binding upon him as an acceptance of all, for the buyer is not entitled partly to rescind and partly to affirm the contract of sale. 23 R. C. L. 1444; 35 Cyc. 147; Sigerson v. Harker, 15 Mo. 101; White v. Miller, 8 L. R. A. (N. s.) 727. (2) After an acceptance,

the buyer has estopped himself from defending the suit on the ground of nonperformance of the contract by the seller and the buyer must pay the contract price, for by accepting and using the goods, the buyer has limited his remedy to an action for a breach of warranty. Black River Lumber Co. v. Warner, 93 Mo. 386; 35 Cyc. 261 and 263; Stevens v. Mackey, 40 Mo. 228; Lamore v. City, 140 Mo. 145; El Paso v. Davis, 194 Mo. App. 1; 23 R. C. L. 1442; Berthold v. St. Louis, 165 Mo. 304; Mechem on Sales, sec. 1395, p. 1212. (3) The measure of damages, after acceptance, on the warranty is limited to the difference between the actual value of the goods delivered and their value if they had been according to the contract. Outcault Advertising Co. v. Shierbaum, 209 S. W. 982; Sinclair Refining Co. v. Maguire Oil & Supply Co., 221 S. W. 378.

*Seneca C. Taylor* for respondent.

(1) Where the purchaser orders goods of a certain class, kind or description, and the seller ships part of the goods ordered and also other goods not ordered, the purchaser may accept and pay for the goods ordered without making himself liable for the price of the other goods; and where he returns such other goods within a reasonable time or seasonably informs the seller of the rejection of such other goods (of another kind, class or description than those ordered), he is not liable therefor. Goldstandt-Powell Hat Co. v. Coff, 19 Okla. 243; Cohen v. Pemberton, 53 Conn. 221; Gardner v. Lane, 12 Allen 39; s. c. on third appeal, 98 Mass. 517; Rodman v. Guilford, 112 Mass. 405; Atherton v. Newhall, 123 Mass. 141; Buckeye Buggy Co. v. Montana Stables, 43 Wash. St. 49; Kellogg v. Murphy, 54 N. Y. 685; Kipp v. Meyer, 5 Hun, 111; Gilbert v. Alton, 88 App. Div. 62; Holmes v. Gregg, 66 N. H. 621; Canton Lumbr Co. v. Liller, 107 Md. 146; s. c. on second appeal, 112 Md. 528; Stearns Salt & Lumber Co. v. Dennis Lumber Co., 188 Mich. 700; Robertson & Wilson Scale & Supply Co. v. Richman, 212 Mich. 334; Lampson v. Cummings, 52 Mich. 491, 497;

McFadden v. Weatherbee, 63 Mich. 390; Flint v. Lyon, 4 Calif. 17; Bushnell v. King Bridge Co., 140 Iowa, 405; Showalter v. Winchester Grocery Co., 148 Ky. 579; Teeter v. Cole Mfg. Co., 151 N. C. 602; Freeman v. Skinner, 9 Ired. 32; McEntyre v. McEntyre, 12 Ired. 299; Waldo v. Halsey, 3 Jones Law, 109; Robert Buist Co. v. Mercantile Co., 73 S. C. 48; Molling v. Dean, 18 Times L. R. 217; Champion v. Shortt, 1 Camp. 53; Aitken, Campbell & Co., Ltd., v. Boullen & Gatenby (1908), S. C. 490; 35 Cyc, 258-259; Tiedeman on Sales, sec. 70, p. 85; Williston on Sales, sec. 493, p. 863, sec. 462; 25 Halsbury's Laws of England, p. 213. (2) The difference between No. 1 and No. 3 or between No. 3 and No. 4 or between No. 1 and No. 2 and culls is not a mere difference in quality but is a difference in kind, class, species or description. "It is as if A should sell a horse to B and deliver a cow instead." Gardner v. Lane, 12 Allen 39; s. c. on third appeal, 98 Mass. 517; Cohen v. Pemberton, 53 Conn. 221; Whitehall Mfg. Co. v. Wise, 119 Pa. St. 484; Joseph v. Richardson, 2 Pa. Superior 208; Catchings v. Hacke, 15 Mo. App. 51; Ungerer & Co. v. Louis Maull Cheese & Fish Co., 155 Mo. App. 95; Columbian Iron Works Co. v. Douglas, 84 Md. 44; Gould v. Stein, 149 Mass. 570; Springfield Shingle Co. v. Edgecomb Mill Co., 52 Wash. St. 620; J. F. Donahoo Co. v. Reliance Equipment Co., 201 Ala. 422; L. Cohen Grocer Co. v. Diehm Grocer Co., 232 S. W. 209; Azemar v. Casella, 23 Eng. Rul. Cas. 440. (3) The rejection and return of articles of a different kind or descrption, not answering to the terms of the contract, or of refusing to accept such articles for such reason, does not stand upon the ground of rescission, but is one of insistence on the fulfillment of the contract; nor does the right to rejest and return them depend upon the existence of a warranty. Cohen v. Pemberton, 53 Conn. 221. Manfield v. Trigg, 113 Mass. 350; Lampson v. Cummings, 52 Mich. 491; Potsdamer v. Kruse, 57 Minn. 193; Springfield Shingle Co. v. Edgecomb Mill Co., 52 Wash. St. 620; Tiffany on Sales, sec. 86, pp. 155-157; Sec. 95, p. 171; Sec. 131, p. 242; Acc. Ungerer & Co. v. Louis Maull

Cheese & Fish Co., 155 Mo. App. 95. (4) Sale by description imparts a warranty that the property sold is of that description. Catchings v. Hacke, 15 Mo. App. 51; Whittaker v. McCormick, 7 Mo. App. 114; Long Bros. v. The J. K. Armsby Co., 43 Mo. App. 253; Beck & Corbitt Iron Co. v. Holbeck, 109 Mo. App. 179; Childs v. Emerson, 117 Mo. App. 671; Alvin Fruit & Truck Ass'n v. Hartman, 146 Mo. App. 155; Ungerer & Co. v. Louis Maull Cheese & Fish Co., 155 Mo. App. 95. (5) Sale by description not only imparts a warranty that the property sold is of that description, but the delivery of property of that description is of the essence of the fulfillment of the contract of sale on the part of the vendor. The delivery of goods of another kind, class, species or description, as contradistinguished from a mere defect or difference in quality of goods of the same kind, class or species described, is a thing beyond the scope of and aside from the contract of sale. Springfield Shingle Co. v. Edgecomb Mill Co., 52 Wash. St. 620; Azemar v. Casella, 23 Eng. Rul. Cas. 440; Authorities cited under Points 1, 2 and 3, supra. (6) A severance of an otherwise entire order for the shipment from a distance of goods of a certain kind or description may be effected by the act of the parties, and is so effected by the vendor delivering a part of such goods and refusing to deliver the rest and the acceptance or retention and use by the vendee of the part delivered. Canton Lumber Co. v. Liller, 107 Md. 146; Saunders v. Short, 86 Fed. 225; Stearns Salt & Lumber Co. v. Dennis Lumber Co., 188 Mich. 700; Bowker v. Hoyt, 18 Pick. 555; Richards v. Shaw, 67 Ill. 222; Champion v. Shortt, 1 Camp. 53; Oxendale v.| Weatherell, 9 B. & C. 386. (7) Contract, entire or severable. Performance or consideration, single or opportionable. The question is one of intention, and the intention is often, if not usually, a question of fact. Cantwell v. Crawley, 188 Mo. 44; Billups v. Daggs, 38 Mo. App. 367; Weil v. Stone, 33 Ind. App. 112; Holmes v. Gregg, 66 N. H. 621; Canton Lumber Co. v. Liller, 107 Md. 146; Stearns Salt & Lumber Co. v. Dennis Lum-

ber Co., 188 Mich. 700; Lampson v. Cummings, 52 Mich. 491; Schiller v. Blyth & Fargo Co., 15 Wyo. 304; Authorities cited under Points 1 and 2, supra. The contract of sale may be so framed that the intention of the purchaser, rather than that of the seller, dominates the question of severability. Lahiff v. Keville, 184 Iowa, 1334. (8) Where work is done or materials are furnished on a special contract and suit is brought thereon, without a count on quantum meruit or quantum valebat, plaintiff cannot recover unless it is shown that the plaintiff has performed all the terms of the contract on his part to be performed. Bersch v. Sanders, 37 Mo. 104; Turner v. Mellier, 59 Mo. 526; Eyerman v. Cemetery Ass'n, 61 Mo. 489; Davis v. Brown, 67 Mo. 313; Plow Co. v. Hartman, 84 Mo. 610.; Keith v. Ridge, 146 Mo. 90; Halpin v. Manny, 33 Mo. App. 388; Billups v. Daggs, 38 Mo. App. 367; Lumber Co. v. Water Supply Co., 89 Mo. App. 141; Brierre v. Sugar Co., 102 Mo. App. 622; Skinner v. Young, 106 Mo. App. 615; Wade v. Nelson, 119 Mo. App. 278. (9) Vendee is entitled to recover the reasonable expenses of storage. Rubin v. Sturtevant, 26 C. C. A. 259; Acme Lumber Co. v. Board of Com'rs. 137 La. 899. (10) The petition does not state facts sufficient to constitute a cause of action. It alleges that "the plaintiffs contracted and agreed to sell and deliver to the defendant . . . lumber, known as No. 1 S & E," but nowhere alleges that plaintiffs delivered Number 1, or that the defendant accepted other lumber in lieu of Number 1 or in lieu of performance, or that plaintiffs duly performed the conditions of the contract on their part. Moline Plow Co. v. Hartman, 84 Mo. 610; Halpin v. Manny, 33 Mo. App. 388; Billups v. Daggs, 38 Mo. 367; Lewis v. Van Hooser, 227 S. W. 618.

NIPPER, C.—Plaintiffs, as copartners, sued to recover the purchase price of a carload of lumber sold to defendant, and shipped from the State of Mississippi to St. Louis, Missouri. Defendant ordered the lumber through brokers, which order was received by plaintiffs

about February 20, 1918. The order was for "1 Car 2x12-20 No. 1 S. & E.—$28. Terms Regular. Delivered." Plaintiffs acknowledged receipt of this order in a letter to defendant, dated February 20, 1918, in which they state that the official specifications of the Southern Pine Association were to apply, and in case of a dispute over the grades or tally, an official inspection by such association should be taken as a basis for settlement, all claims to be filed within five days from receipt of stock and all lumber to be held intact until inspection and settlement was made. Defendant was also informed in this letter that if plaintiffs were unable to get a "42'" car, they would make two loads. The lumber was shipped in two cars. One car arrived on March 8, 1918, and one on March 9, 1918. Defendant rejected a part of this lumber on the ground that some of it was No. 2 grade instead of No. 1, and that there were some "culls."

Plaintiffs brought suit to recover the full amount of $515.20.

Defendant, in its answer, set up the fact that some of the lumber was defective, and that it was compelled to go out and buy the additional lumber of the grade called for by the contract, which cost $50 more than the original contract price for the same lumber from plaintiffs, and asked damages for $50. Defendant also claimed $36 as storage charges, and $15 for unloading and restacking the defective lumber.

On the trial of the case, the court, after refusing certain declarations of law asked by plaintiffs, entered its finding and judgment for plaintiffs for $264.33, and for defendant on its counterclaim for $83, leaving a net judgment of $181.33 for plaintiffs. Plaintiffs offered the following declarations of law, which the court refused to give:

"I. The court declares, as a matter of law that the defendant cannot rescind its contract of sale in part and that under the law and the evidence in this case the defendant will be held to have accepted the car of lumber delivered by the plaintiff, by the acceptance of the portion

of the car, which the defendant admitted in the evidence it accepted, and the judgment will, therefore, be in favor of the plaintiff on the plaintiff's cause of action and in favor of the plaintiff upon the defendant's counterclaim.''

"II. The court declares, as a matter of law, that the defendant's damages on the counterclaim would be limited to the difference between the actual value of the goods delivered and what such goods would have been worth at the time of the sale if they had complied with the terms of the contract, and the Court declares there was no evidence offered by the defendant to prove these facts, and, therefore, the defendant would be limited to the recovery of nominal damages on its counterclaim.''

The principal question for our determination, on this record, is whether or not the contract between the parties was severable, or, to state it in another way, could defendant accept a portion of this lumber, and reject the other on the ground that such lumber so rejected was of an inferior quality or grade. After a careful examination of the authorities in this State and elsewhere, we are of the opinion that under the facts of this case the contract was not severable, and defendant could not accept a portion of this lumber and reject a portion. While it is possible to distinguish many of the cases holding such a contract to be entire as affecting the right of the buyer to accept part of the goods and reject the balance, from the cases holding the contract to be severable in this regard, many of them cannot be distinguished. The general tendency of the courts is apparently to construe contracts of this character to be entire, to the extent of requiring the buyer either to take all of the goods included therein, or reject them all, unless the contract in its nature is clearly apportionable. [Pacific Timber Co. v. Iowa Windmill & Pump Co., 135 Iowa, 308; Sigerson v. Harker, 15 Mo. 101; Hermann Lumber Co. v. Heidelburg, 46 Misc. (N. Y.) 465; Perry v. Ayers, 159 Cal. 414; Harzfeld v. Converse, 105 Ill. 534; Woodruff v. Peterson, 51 Barb. (N. Y.) 252; Levy v. John C. Dettra & Co., 91 Misc. (N. Y.) 41; Syme-Eagle & Co. v. Joplin Grocer Co., —Mo. App.—. 229 S. W. 246.]

The Supreme Court of Michigan, in a very similar case to the one here, held the contract to be severable. [Stearns Salt & Lumber Co. v. Dennis Lumber Co., 188 Mich. 700.] However, three members of the court dissented in that case.

The case of Pacific Timber Co. v. Iowa Windmill & Pump Co., supra, holds a similar contract to be entire, and not severable, and the rule therein announced for determining the question of whether or not such contracts are entire or severable, is the one generally followed by the courts throughout this country. It is there stated:

"As a general rule, it may be said that a contract is entire, when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration shall be common each to the other and 'interdependent.' On the other hand, it is the general rule that a severable contract is one in its nature and purpose susceptible of division and apportionment. The question whether a given contract is entire or separable is very largely one of intention, which intention is to be determined from the language the parties have used and the subject-matter of the agreement."

We do not think it reasonable to hold that the parties contemplating the shipment of this carload of lumber (which in the present case was divided and shipped in two cars) intended that each piece of timber so shipped should constitute the basis of a separate and independent contract, so that the defendant could reject a part of the lumber and retain the balance.

In Sigerson v. Harker, supra, it was held that the purchaser of a quantity of pork barrels could not select such as he claimed complied with the contract, and reject the balance for a breach of warranty of quality. SCOTT, J., speaking for the court, said:

"Such a course, in most cases, would prejudice the sale of the rejected articles. The separation would diminish the probability of a sale of them. A good article may sell a bad one, and many good ones may frequently carry along with them a few that are indifferent."

This is not a case where the goods were to be shipped in installments, nor is there anything to indicate that the shipper knew that the lumber was to be used for a particular purpose.

It is evident that the trial court proceeded upon an erroneous theory of the law.

The Commissioner recommends that the judgment be reversed and the cause remanded.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court.

The judgment of the circuit court is accordingly reversed and the cause remanded.

*Allen, P. J., Becker* and *Daues, JJ.,* concur.