STATE OF MISSOURI, Respondent, v. HORACE H. ST. JOHN, Appellant.

St. Louis Court of Appeals, April 29, 1902.

1. Adultery: INFERENCE OF INNOCENCE FROM BONA FIDE MARRIAGE: OVERCOME BY PROOF OF FORMER MARRIAGE. Defendant was indicted for the misdemeanor of living in an open and notorious illicit relation (forbidden by sec. 2175, R. S. 1899) with a woman in Missouri, although married to another woman in Utah. It appeared that a ceremony of marriage had been performed by defendant with the woman in Missouri. *Held,* that the inference of innocence affixed to that act was not removed even if defendant had previously lived in Utah with the other woman and held her out as his wife to the public; it would be necessary to a conviction that the jury should find as a fact that defendant had made a valid contract of marriage with the other woman mentioned.

2. ———: FACTS CONSTITUTING A MARRIAGE: INSTRUCTION ERRONEOUS. The testimony that a man holds out a woman to the public as his wife and lives with her as such tends to establish the ultimate fact of marriage, but not as an inference of law. It is error to instruct that testimony of said facts alone "would constitute a marriage."

3. ———: HUSBAND AND WIFE: CONFIDENTIAL COMMUNICATION NOT ADMISSIBLE: JOINT LETTERS TO WIFE AND CHILDREN ARE ADMISSIBLE. Defendant's confidential communication in the form of a statement on the back of a photograph sent to the woman charged to be his wife is not admissible in evidence against him, in a prosecution of this sort; but letters jointly addressed to her and to her children as well as letters to her children are admissible, the latter because the marital privilege of confidence does not extend to them, and the former because the privilege is waived by admitting other persons to share the communication.

4. ———: BIGAMY: FACT OF A PRIOR MARRIAGE MUST BE FOUND. In a prosecution for bigamy the fact of a prior marriage

must be found by the triers of the facts; it is not enough for them to find marital association and repute.

5. ———: INSTRUCTIONS MUST BE BASED ON THE EVIDENCE. It is error to give an instruction authorizing the finding of a fact, when there is no evidence, direct or inferential, to support it.

Appeal from Lewis Circuit Court.—*Hon. Edwin R. McKee,* Judge.

REVERSED AND REMANDED.

*Blair & Marchand* and *E. A. Dowell* for appellant.

(1)   To constitute a common-law marriage between defendant and the woman Nell St. John—properly "Nell Pollett," it devolved upon the State to prove the following facts: first, that defendant and said Mrs. Pollett lived and abided together as husband and wife; second, that they cohabited together as husband and wife; third, that they held each other out, as husband and wife, among the people where they lived; fourth, that there was a general repute, or reputation among the people where they lived, that they were, in fact, husband and wife, and were known and recognized by the people in that community, as such.   Cohabitation and general reputation must go together, and both be proved.   If either be not proved, no marriage is proved.   The court will find a definition of what constitutes general reputation in the cases of Cargile v. Wood, and Ashford v. Insurance Co., hereunder named.   Cargile v. Wood et al., 63 Mo. 501; State v. Cooper, 103 Mo. 266; State v. Ulrich, 110 Mo. 350; Ashford v. Ins. Co., 80 Mo. App. 638.   (2)   Instruction 1 submitted to the jury the question of marriage between defendant and some other woman without being based upon facts constituting the marriage.   In fact the court submitted to the jury a conclu-

sion of law as to the marriage between defendant and some other woman, instead of basing the marriage upon hypothecated facts proven in evidence. The first part of the instructions being very incorrect, the latter part, based upon it must fall, both parts are erroneous. The court should have told the jury what facts constituted a common-law marriage. State v. Cooper, 103 Mo. 266.

BARCLAY, J.—Defendant has appealed from a judgment of conviction upon an indictment for misdemeanor defined by section 3798 (R. S. 1889, same as sec. 2175, R. S. 1899). The charge refers to the first and second specifications contained in said section.

Defendant was fined $500, after a trial by jury. He preserved exceptions in due form to several rulings on which he has assigned error in this court.

The State offered evidence tending to show that a marriage ceremony was performed in Missouri, October 31, 1894, between defendant and a woman with whom he has lived as husband and wife ever since, at La Belle, Missouri.

The evidence consisted of a license, return and certificate of record, authorizing and describing such a marriage, together with oral testimony of the minister of the gospel who officiated. The woman who took part with defendant in the ceremony is named in the indictment as the person with whom the offense charged was committed.

The contention of the State is that defendant was then the husband of another woman with whom he had lived in Utah.

Defendant on his own behalf admitted that he lived with the other woman for several years in Utah, had two children, finally left there and came to Missouri because she neglected to get a divorce from her husband which she had promised to obtain when they began to live together. He and she were physicians, conducted a sanitarium together and

were never married to each other, according to defendant's account. .

It appeared from the State's testimony that defendant communicated the fact of his relations with the woman in Utah to the minister who performed the marriage ceremony in Missouri, a few days before the latter event.

The State put in evidence, against defendant's objection and exception, certain documents purporting to have been sent to the postmaster at La Belle, Missouri, by the woman in Utah, all exhibiting handwriting which the postmaster verified as that of defendant. The documents were:

1. A photograph of defendant, indorsed with these words: "To my beloved, affectionate and lawful wife, Nell, August 16, 1896."

2. A writing dated August 17, 1896, signed "Papa," addressed to "my beautiful and bonnie baby, my daughter, Queen Mab," and containing a variety of tender and loving messages to her.

3. A long letter to "Nell, Grace and Mabel," dated March 20, 1898, signed "Papa," and full of affectionate acknowledgments of defendant's parentage of the children.

4. A letter to Grace and Mabel of similar character to the last mentioned, dated November 8, 1896.

"Grace and Mabel" were evidently the names of the children, and "Nell" was the name of their mother, according to the statements in these MSS. The letters contain distinct admissions that defendant was the father and "Nell" the mother of the children. But there is nothing else in them admitting a marriage between the parents.

The objection to each of these items of evidence was that the document was a personal communication between husband and wife (according to the theory of the prosecution) and as such privileged. But the objection was overruled and exception duly saved.

Among the instructions given for the State was the following:

"If defendant lived and cohabited with another woman in another State as her husband and held her out to the public as his wife and received and treated her as such, this would constitute a marriage and would warrant you in finding that he was a married man and married to another woman in the meaning of the law, and if you so believe from the evidence beyond a reasonable doubt, and further believe from the evidence beyond a reasonable doubt, that he afterwards while said woman was living, and without having been divorced from her, married one Laura Jones, and at any time within one year next before the twenty-third day of June, 1900, she yet living, openly and notoriously lived and cohabited with her, you will find him guilty."

a.   The instruction just quoted was fatally erroneous in one respect, at least.   It declared certain facts "would constitute a marriage."   But those facts were certainly of no greater force than as testimony tending to prove the charge of defendant's prior marriage.   If the jury accepted defendant's explanation of those facts, they should have been left at liberty to find that there was no marriage.

The distinction between facts constituting a marriage and those tending to prove one, is clearly pointed out, in its application to evidence of marriage in civil actions, by Judge BRACE, speaking for the Supreme Court, in Adair v. Mette, 156 Mo. 496.   The principle of that distinction is even more imperatively applicable in a criminal case, if indeed marriage may be proven at all by evidence of mere reputation and association in prosecutions under the statute on which this proceeding is founded (R. S. 1899, sec. 2175).   Such evidence has been positively held to be insufficient in a prosecution for bigamy.   State v. Cooper, 103 Mo. 266.   And it has been declared insufficient (standing alone) to establish marriage

in cases of the sort at bar.  State v. Coffee, 39 Mo. App. (St. L.) 56.

But without invoking that doctrine it is evident that the second instruction quoted takes from the jury the duty of finding the fact of marriage, if they find the subordinate evidential facts therein enumerated.  It was erroneous and could not justly be regarded as harmless.

b.  The instruction was further erroneous in that there was no testimony that defendant "held her out to the public as his wife," as recited therein.  It is error to give an instruction authorizing the finding of a fact which there is no evidence direct or inferential to support, and which is plainly to the prejudice of the complaining party.  State v. Bailey, 57 Mo. 131; State v. Allen, 116 Mo. 548.

c.  The disputable inference of innocence attaching to defendant's act in making the marriage contract in Missouri, with all the prescribed formalities, could only be overcome by proof and a finding that he had been previously married by a valid contract of marriage with another woman.  Klein v. Landman, 29 Mo. 259; Waddingham v. Waddingham, 21 Mo. App. (K. C.) 609.

That issue was not correctly submitted to the jury and so a reversal must ensue.

d.  Some questions were raised on the admissibility of certain items of documentary evidence which may recur in the event of a new trial.  We will consider them briefly.

The photograph bearing the inscription to "Nell," and referring to her as his wife, should not have been admitted. It was produced in evidence by a witness who had received it from the woman in Utah charged to be the wife of defendant. The prosecution was founded on the theory that she was his wife.  Defendant's communications to her are protected from disclosure by the privilege which attaches to the relation which the State charges to exist between those persons.  State v.

Ulrich, 110 Mo. 350; Mahner v. Link, 70 Mo. App. (St. L.) 380.

We consider the ruling in State v. Behrman, 114 N. C. 797 (on the admissibility of the picture), out of harmony with the principles declared in the Missouri cases cited, and so we do not follow it.

The Missouri statutes concerning the testimony of husbands and wives, in civil and criminal cases, sedulously guard the privacy of communications between spouses. R. S. 1899, secs. 2637, 4656. In this particular those enactments merely embody the principles of the common law. Berlin v. Berlin, 55 Mo. 151.

There was nothing shown, in the case at bar, to warrant the inference that defendant had removed the seal of confidence from the communication contained upon the photograph. So that piece of testimony should have been excluded upon the objection which was specifically made to it.

e. The other items of documentary testimony were admissible.

The letters and statements to the children were not within the privilege.

The letter to the mother and children jointly was not protected by the privilege of a communication between husband and wife, because defendant took off that privilege by joining other persons in the message to "Nell," according to the principles of law announced in the Missouri precedents on that topic. Hoyt v. Davis, 21 Mo. App. (St. L.) 233; Long v. Martin, 71 Mo. App. (St. L.) 596, affirmed, 152 Mo. 668.

The judgment is reversed and the cause remanded. *Bland, P. J.*, and *Goode, J.*, concur.