## THE STATE v. WILLIAM HANSBROUGH, Appellant.

### Division Two, May 10, 1904.

1. **CRIMINAL LAW: Statute of Limitations: Former Indictment Pending.** The statute (sec. 2422, R. S. 1899), which provides that "when an indictment or prosecution shall be quashed, set aside or reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense," is not restricted in its operation to any particular cause for which the indictment may be quashed, set aside or reversed, but includes any and all grounds which may be held by the court to be sufficient for quashing the indictment.

2. ————: **Bigamy: Common Law Marriage: Contract: Instruction.** Although a marriage at common law required no particular form or ceremony to make it valid, yet enough had to be said and done by the contracting parties to make a contract. While cohabitation and the holding of each other out publicly as husband and wife, as well as the admissions of the parties, are admissible as tending to prove the marriage, they are not, of themselves, sufficient to constitute a marriage. And an instruction, in a prosecution for bigamy, which omits the contractual elements of a common law marriage, is erroneous.

Appeal from Jefferson Circuit Court.—*Hon. Frank R. Dearing*, Judge.

REVERSED AND REMANDED.

*Joseph J. Williams, Byrns & Bean* and *Kleinschmidt & Reppy* for appellant.

(1) The court erred in refusing to instruct the jury that the alleged offense was barred by the statute of limitations. Three years and nearly four months in-

tervened between the alleged bigamous marriage, which occurred on the twentieth of September, 1898, and the finding of the indictment on which the case was tried, said indictment having been filed on January 13, 1902. Section 2422, Revised Statutes 1899, was enacted to prevent the running of the statute during the pendency of defective indictments which may be quashed, set aside or reversed because defective, but could have no effect to suspend the operation of the statute during the pendency of an indictment in a matter in which the court has no jurisdiction. (2) The court erred in giving the fifth instruction given of its own motion. This instruction embodied the proposition that the acts mentioned therein authorized the jury to presume a common law marriage. The instruction failed to advise the jury that a contract of marriage is required to constitute a common law marriage, or to define elements of the contract. The jury were authorized by the instruction, there having been no evidence of such a contract, to presume a contract without evidence. The materiality of the error in the giving of this instruction is apparent. State v. Cooper, 103 Mo. 266.

*Edward C. Crow*, Attorney-General, and *Bruce Barnett* for the State.

(1) The instruction was proper which told the jury that they may presume that defendant and Louise Hansbrough were married if they believed from the evidence that they cohabited and that he held her out to the public as his wife and introduced her as such to his friends and acquaintances. In State v. Cooper, 103 Mo. 266, it was decided by this court that such facts "may even raise a presumption that the parties were in fact married, but this presumption is one of fact and not of law." (2) The offense was not barred by the statute of limitations. Less than three years intervened between the commission of the offense and the filing of the in-

dictment, if the time during which the former indict-ment was pending is excluded in making the computa-tion, as it should be under the statute. R. S. 1889, sec. 2422. The scope and intention of the statute is that, when a prosecution fails on account of a defective in-dictment, the time during which the same was pending should not be computed as part of the time of the limita-tion, and this is true without regard to whether the in-dictment is quashed or set aside by the court or set aside by a *nolle prosequi* entered by the prosecuting attorney. State ex rel. v. Prim, Judge, etc., 61 Mo. 166. And this is especially true in cases like the one at bar, where the record shows that the *nolle prosequi* was entered be-cause of a defective indictment.

BURGESS, J.—Defendant was convicted of the crime of bigamy, and his punishment fixed at a fine of one hundred dollars, and three months' imprisonment in the county jail. He appeals.

On January 25, 1902, which was during the Jan-uary term, an indictment was returned and filed in the circuit court of Jefferson county, charging the defend-ant with bigamy. The unlawful marriage is charged to have been entered into on or about the twentieth day of September, 1898, which was more than three years prior to the time of the filing of the indictment.

To show that the offense was not barred by the stat-ute of limitations, it is alleged in the indictment and was proved in evidence that a former indictment for the same offense had been filed against the defendant on the fifteenth day of September, 1900, and on the thirteenth day of January, 1902, had been dismissed, set aside, and *nolle prossed* by the prosecuting attorney for the reason that said indictment was defective and not good.

The maiden name of the woman, whom the defend-ant first married, was Louise Aubuchon, and it is charged that the marriage relation still existed between

them at the time the defendant married Mrs. L. C. Brady, in September, 1898.

In the former indictment, the defendant was referred to as William Hansbrough, and the woman with whom he contracted the unlawful marriage as Mrs. Libby Brady, but the evidence shows that they were the identical parties who are referred to in the. indictment upon which the defendant was tried and convicted.

The State's evidence showed that for twenty years the defendant and Louise Hansbrough lived together and cohabited as man and wife. They dwelt in the same house and occupied the same bed at night; she bore his name (Hansbrough), and he referred to her as his wife and introduced her as such to his friends and acquaintances. That during the time they lived together several children were born to them.

At some time after 1890, the defendant separated from this woman, and while she was still alive and undivorced from him, he married Mrs. L. C. Brady or Mrs. Libby Brady. This marriage was proved by the records showing the issuance of the marriage license and the return or certificate thereon of the ceremony having been performed by one Baird, a minister of the gospel, and by proof of defendant's admissions that he had been married to Mrs. Brady, Mr. Baird performing the ceremony.

Defendant insists that the court erred in refusing to instruct the jury that the alleged offense was barred by the statute of limitations.

The record discloses that three years and nearly four months intervened between the time of the bigamous marriage, which occurred on the twentieth of September, 1898, and the finding of the indictment on which the conviction was had, which was presented on January 13, 1902, and therefore the offense was barred by the statute of limitations, unless the pendency of the first indictment prevented that statute from running. The argument is that, as the first indictment con-

tained an averment that the alleged bigamous marriage occurred in some county and city in the State of Missouri to the grand jurors unknown, this was equivalent to an averment that the alleged offense was probably not committed in the county in which the indictment was found, and, as the indictment could not have been found in any county except that in which the alleged bigamous marriage occurred (State v. Fitzgerald, 75 Mo. 571), in consequence of this averment the court was without jurisdiction.

The court had jurisdiction of this class of offenses, and we are unprepared to say that the indictment showed upon its face that it had no jurisdiction of this particular case. Moreover, the statute, section 2422, Revised Statutes 1899, provides that "When an indictment or prosecution shall be quashed, set aside or reversed, the time during which the same was pending shall not be computed as part of the time of the limitation prescribed for the offense," and does not restrict its operation to any particular cause or causes for which the indictment may be quashed, set aside or reversed, and must therefore include any and all grounds which may be held by the court to be sufficient grounds for quashing the indictment.

It is said for defendant that the fifth instruction given by the court of its own motion is erroneous. This instruction is as follows:

"A marriage at common law requires no particular form or ceremony to make it valid, and the court therefore instructs you that if you believe and find from the evidence that the defendant and Louise Hansbrough for any long period of time lived together publicly as husband and wife; that he passed himself as her husband and she for his wife; introduced himself and herself to his family and his friends and the public as her husband and she as his wife; cohabited with her as his wife and he as her husband; and held himself and herself out to the public generally, as sustaining the

relation of husband and wife, by his general acts and conduct, then you may presume that they were married within the meaning of the law.''

It is urged against this instruction that it authorized the jury to presume the marriage between the defendant and Louise Aubuchon from the evidence, and that as it did not require the jury to find that there must have been between them a contract of marriage, the jury may have understood that long cohabitation, and holding themselves out as husband and wife, as set out in the instruction, created a legal presumption of marriage, which made it unnecessary for the question of a marriage contract to be passed upon by them.

While it was held in the case of the State v. Cooper, 103 Mo. 266, that the fact of a previous marriage must be proven in a prosecution for bigamy, it was also held that such marriage need not be established by direct evidence, but may be inferred from circumstances, and that while cohabitation and the holding of each other out publicly as husband and wife, as well as the admissions of the parties, are admissible in evidence as tending to prove the marriage, yet these of themselves were not sufficient to constitute a marriage. [State v. St. John, 94 Mo. App. 229.]   While a marriage at common law required no particular form or ceremony to make it valid, enough had to be said and done by the contracting parties to make a contract, and the evidence in this case fails to show that anything of that character ever took place between the parties.   But the State planted its case upon proof of cohabitation, recognition of the parties and their friends and acquaintances as husband and wife, and the holding themselves out as such for a period of twenty years; but this was not sufficient to show a contract of marriage in a case of this character and thus overcome the presumption of innocence to be indulged in favor of defendant.   The in-

struction was not only erroneous, but there was a failure of proof on the part of the State.

The question as to the effect of the dismissal of the first indictment, and the presentation of the one under which defendant was convicted, in so far as the statute of limitations was concerned, were for the consideration of the court.

Our conclusion is that the judgment should be reversed and the cause remanded for further trial. It is so ordered.

All concur.