GRACE D. HOLLINGHAUSEN v. EMMA ADE, Appellant.

Division Two, July 19, 1921.

1. **COMMON-LAW MARRIAGE: Sufficient Proof.** A valid marriage may be entered into between parties willing and competent to contract at common law, without solemnization by minister or officer. Testimony that a man and woman in February, 1910, at Salina, Kansas, entered into a present agreement to become man and wife; that in a few days they returned to the home of her mother in

Hollinghausen v. Ade.

Missouri, and introduced themselves as man and wife and received the mother's blessing; that he provided an elegant home where she and he resided happily together until March, 1917; that during all that time they treated each other as man and wife, were introduced as man and wife, and were so regarded among their friends and neighbors, is amply sufficient, without a ceremonial marriage, to establish a common-law marriage.

2. **ALIENATION: Instruction: Conduct Calculated to Prejudice: Omission of Words Cause to Separate.** In an action for damages for the alienation of the affections of plaintiff's husband, in which the petition charged that defendant caused plaintiff's husband to separate from her, prevented communication between them and maliciously prevented a reconciliation, an instruction declaring that "if defendant was intentionally guilty of such conduct as was calculated to prejudice plaintiff's husband against plaintiff and to alienate him from her and to prevent a reconciliation between them, and that plaintiff was thereby deprived of the society, companionship, comfort, protection, aid and affection of her husband, your verdict will be for plaintiff," was not error; and where said instruction as asked declared that "if defendant was guilty of such conduct as was calculated to cause their separation and to alienate the affections," etc., "and did cause him to separate from and abandon plaintiff," its modification by the court so as to omit the words "cause their separation" and "did cause him to separate and abandon plaintiff," the giving of it with these words omitted was not prejudicial error against defendant.

3. ——: ——: **Calculated to Cause.** It is enough that the instruction require that defendant's conduct was calculated to cause plaintiff's husband to separate from her, and to prevent a reconciliation between them, without requiring that it "actually did" cause the separation and prevent the reconciliation. If by the intentional interference of defendant with the marital relations of her brother and his wife, the wife is deprived of the companionship of her husband, she is entitled to a verdict for alienation. A modification of the instruction so as to require the jury to find that defendant's conduct "actually did cause him to separate from and abandon plaintiff" was not necessary; but it is a modification of which defendant cannot complain.

4. ——: **Estoppel: Alimony Paid: Mutuality.** The fact that plaintiff, after her husband's separation from her, brought an action of divorce against him, and in the settlement of her claim for alimony obtained $7,500 from him, in consideration for her deed releasing all claims to his estate, does not estop her from maintaining an action for damages against his sister for alienating his affections and causing him to separate from her. There was no mutuality

between the plaintiff in the divorce case and defendant in the alienation suit, and without mutuality there can be no estoppel.

5. ———: Damages: Injury to Feelings: Loss of Society. The wife, in her suit for the malicious alienation of her husband's affections and separation from her, can recover damages for injury done to her feelings and the loss of the support, comfort and society of her husband.

6. ———: Caused by Plaintiff: Unpleaded. In an alienation case, an instruction telling the jury that if plaintiff herself by her conduct caused her husband to separate from her, the verdict must be for defendant, being an issue not pleaded, should be refused.

7. ———: Sister's Privilege: Counsel and Advice. There is no initial presumption of good faith on the part of a sister who interferes in the marital relations of her brother and plaintiff. The law does not presume that advice and counsel given by a sister to her brother to separate from his wife is given in good faith. She does not possess the superior right of a parent.

8. ———: Duration of Damages: Separation and Divorce. Where defendant caused plaintiff's husband to separate from her, she is entitled to damages from the time he separated from her, and not simply from the time she obtained a judgment of divorce from him, and not simply from the time he separated from her up to the time of the judgment for divorce.

9. ———: Excessive Verdict. There is no scale by which the damages of a wife can be graduated with certainty in an alienation suit, although her husband separated from her on March 31st and died on June 9th. Where the evidence shows a malicious and unlawful interference by a sister in the marital relations between her brother and the plaintiff; that upon his separation from plaintiff the defendant sister persistently and successfully kept them apart, although she knew they were anxious to become reconciled, and succeeded in preventing a reconciliation or even communications between them up to the time of his death, a verdict for ten thousand dollars actual and five thousand punitive damages will not be held to be excessive.

10. JOINT TORTFEASORS: Judgment Against One: Dismissal as to Other. Where in a suit for damages for the alienation of the affections of plaintiff's husband, brought against his sister and her husband, as joint tortfeasors, the court at the close of the evidence sustained a demurrer offered by the defendant husband, and the jury brought in a verdict against the remaining defendant, in pursuance to instructions applicable to her alone, it was not error to permit plaintiff to dismiss as to the defendant husband and to enter a judgment of dismissal as to him, and to enter judgment against the defendant wife in accordance with the verdict.

Appeal from Jackson Circuit Court.—*Hon. Thomas J. Seehorn,* Judge.

AFFIRMED.

*Walsh & Aylward* and *E. A. Setzler* for appellants.

(1)   The court erred in refusing to give the peremptory instruction requested by the defendant instructing the jury to find for the defendant, and also erred in refusing to sustain the demurrer of the defendant offered at the close of the plaintiff's evidence.   (a)   The evidence is insufficient to sustain the verdict.   Leavel v. Leavel, 122 Mo. App. 666; Cornelius v. Cornelius, 233 Mo. 29; Barton v. Barton, 119 Mo. App. 528; Nichols v. Nichols, 134 Mo. 194; White v. Ross, 47 Mich. 172; Rice v. Rice, 104 Mich. 371; Young v. Young, 8 Wash. 81; Cooper v. Cooper, 171 Pac. 7; Corrick v. Dunham, 147 Iowa, 320, 126 N. W. 150; Wolf v. Wolf, 164 N. W. 107; Potter v. Hosser, 177 N. W. 170; Bruce v. Galvin, 183 Iowa, 145, 166 N. W. 787; Cash v. Childers, 176 Ky. 448, 195 S. W. 191; Bourne v. Bourne, 185 Pac. 496.   (b)   The evidence upon the issue of marriage was insufficient.   Perkins v. Silverman, 223 S. W. 901; Cargile v. Wood, 63 Mo. 514; State v. Cooper, 103 Mo. 273; Williams v. Williams, 259 Mo. 552, 169 S. W. 619; Bishop v. Brittian Inv. Co., 229 Mo. 730, 129 S. W. 677, Ann. Cas. 1912A, 868; Topper v. Perry, 197 Mo. 548, 95 S. W. 208, 114 Am. St. 777; Clayton v. Wardell, 4 Comst. 230; Cunningham v. Cunningham, 2 Dow, P. C., 482.   (2)   The court erred in modifying and giving as modified Instruction "G."   Geromini v. Brunelli, 214 Mass. 492, 102 N. E. 67; Modisett v. McPike, 74 Mo. 640; Hartpence v. Rogers, 143 Mo. 633; Barton v. Barton, 119 Mo. 519; Butterfield v. Ennis, 193 Mo. App. 638, 186 S. W. 117; DeFord v. Johnson, 251 Mo. 255; Leavel v. Leavel, 122 Mo. App. 658; Murdock v. Dunham, 206 S. W. 915; Hall v. C. & C. Co., 260 Mo. 351; Potter v. Hosser, 177 N. W. 169; Stillwell v. Stillwell, 172 N.

W. 177; Servis v. Servis, 172 N. Y. 438, 65 N. E. 271; Hall v. Smith, 80 Misc. 85, 140 N. Y. Supp. 796. (3) The court erred in modifying and giving as modified Instruction "B." Authorities under point 2. (4) The court erred in giving plaintiff's Instruction "E." DeFord v. Johnson, 251 Mo. 256; Yowell v. Vaughn, 85 Mo. App. 211; Wolf v. Wolf, 181 N. Y. Supp. 372; Beach v. Brown, 20 Wash. 266, 43 L. R. A. 114, 72 Am. St. 98; Prettyman v. Williamson, 1 Penn. (Del.) 224; McNamara v. McAllister, 150 Iowa, 243, 34 L. R. A. (N. S.) 436, 130 N. W. 26, Ann. Cas. 1912 D. p. 463; Bergman v. Solomon, 143 Ky. 581, 136 S. W. 1010; Purdy v. Robinson, 133 App. Div. 155, 117 N. Y. Supp. 295; Sockheim v. Miller, 136 Ill. App. 132. (5) The court erred in refusing to give defendant's Instruction 1. Leavel v. Leavel, 122 Mo. App. 654; Geromini v. Brunelli, 214 Mass. 492. (6) The court erred in refusing to give defendant's Instruction 2, 3, 4 and 6. Metcalf v. Tiffany, 106 Mich. 504, 64 N. W. 479. (7) The court erred in refusing to give defendant's Instruction 5. Nichols v. Nichols, 147 Mo. 393. (8) The court erred in refusing to give defendant's Instruction 10. Allen v. Forsythe, 160 Mo. App. 267; Miller v. Miller, 154 Iowa, 344, 134 N. W. 1038; Baird v. Corle, 157 Wis. 565, 147 N. W. 834; Powell v. Benthall, 136 N. C. 145; McGregor v. McGregor, 115 S. W. 802; Luick v. Arends, 21 N. D. 614, 132 N. W. 353. (9) The court erred in not limiting certain evidence by instruction which was received for the sole purpose of showing the state of mind, or affection, of the person making the statements. McGinnis v. McGlothlan, 192 Mo. App., 144; Hayes v. Hayes, 242 Mo. 155, 271; Teckenbrock v. McLaughlin, 209 Mo. 550; Hardwick v. Hardwick, 130 Iowa, 230; Miller v. Miller, 154 Iowa, 344. (10) The court erred in setting aside the general verdict returned as to both defendants, granting unto the defendant Carl Ade a new trial after the verdict had been received and recorded, permitting plaintiff to dismiss as to him and in entering a judgment against this defendant for the

full amount thereof. Sec. 2097, R. S. 1909; Mo. Constitution, sec. 10, art. 2; sec. 28, art. 2; sec. 30, art..2; Dartmouth College Case, 4 Wheat. 518, 4 L. Ed. 629. (11) The court erred in refusing to sustain defendant's motion for a new trial for the reason that the jury absolutely ignored and disregarded the instructions of the court and refused to consider or follow the same. Shohoney v. Railway, 223 Mo. 649; Hitz v. Railway Co., 152 Mo. App. 687; Payne v. Railway Co., 129 Mo. 405; Ellis Lbr. Co. v. Johns, 152 Mo. 516. (12) The verdict of the jury was grossly excessive, the result of passion and prejudice against the defendants, and the defendants were thereby deprived of a fair and impartial trial. Spohn v. Railway Co., 87 Mo. 84; Spiro v. Transit Co., 102 Mo. App. 250; Fuller v. Robertson, 230 Mo. 32; Allen v. Forsythe, 160 Mo. App. 262; Hughey v. Eysell, 167 Mo. App. 565; Dailey v. City of Columbia, 122 Mo. App. 21; Winkelman v. Maddox, 119 Mo. App. 658; Miller v. Dryden, 34 Mo. App. 602; Eichelman v. Weiss, 7 Mo. App. 87; Ferguson v. Thacher, 79 Mo. 511; Schweickhardt v. St. Louis, 2 Mo. App. 583; Crow v. Crow, 124 Mo. App. 125; Spalding v. Bank, 78 Mo. App. 374; Beshars v. Banking Assn., 73 Mo. App. 293; Plate Glass Co. v. Peper, 96 Mo. App. 505; Singleton v. Exposition Co., 172 Mo. 306; Dyer v. Combs, 65 Mo. App. 152; Haumueller v. Ackerman, 130 Mo. App. 390; Newton v. Railroad, 168 Mo. App. 199; Cottell v. Pub. Co., 88 Mo. 356; Poulson v. Collier, 18 Mo. App. 604; Real Estate Co. v. Surety Co., 276 Mo. 183; Wonderly v. Haynes, 186 Mo. App. 82; Hurley v. Kennally, 186 Mo. 225; Miller v. United Rys., 155 Mo. App. 547.

*J. M. Johnson, L. N. Dempsey* and *Donald W. Johnson* for respondent.

(1) On demurrer to the evidence. (a) The evidence is sufficient to sustain the verdict. Claxton v. Pool, 182 Mo. App. 13; Knapp v. Knapp, 183 S. W. 576; Wagner v. Wagner, 204 S. W. 390; Surbeck v. Surbeck, 208 S. W.

645; Nichols v. Nichols, 147 Mo. 387; Linden v. McClintock, 187 S. W. 82; Yowell, v. Vaughn, 85 Mo. App. 206. (b)   The evidence upon the issue of marriage is sufficient. Perkins v. Silverman, 223 S. W. 895; State v. Cooper, 103 Mo. 273; Cargile v. Wood, 63 Mo. 501; Butterfield v. Ennis, 193 Mo. App. 638; Davis v. Stouffer, 132 Mo. App. 555.   (2)   Not necessary to show that there was affection and that defendant had completely alienated it. DeFord v. Johnson, 152 Mo. App. 209; Linden v. McClintock, 187 S. W. 82; 3 Elliott on Evidence, sec., 1650; 15 Am. & Eng. Ency. Law (2 Ed.) 862; DeFord v. Johnson, 251 Mo. 244.   (3)   There was no error in the giving of modified Instruction "G."   Nichols v. Nichols, 147 Mo. 387; Barton v. Barton, 119 Mo. App. 507; Modisett v. McPike, 74 Mo. 636; Hartpence v. Rogers, 143 Mo. 633. (4)   Plaintiff's modified Instruction "B," is correct. Authorities under Point 3.   (5)   There is no error in Instruction "E."   The evidence strongly tends to show actionable interference between husband and wife by the defendant from the date of the separation, March 31, 1917, which continued until the death of the husband on June 9, 1917.   Plaintiff was entitled to recover all damages she sustained in consequence of such interference, including the destruction of her right to consortium. Nichols v. Nichols, 147 Mo. 387.   (6)   The court did not err in refusing to give defendant's Instruction No. 1, since there was ample evidence to take to the jury the question of actual malice.   Butterfield v. Ennis, 193 Mo. App. 638.   Where, as here, the defendant attacks the character of the plaintiff, no other proof of actual malice would be required.   Therefore the charge that plaintiff was not the wife, but was the mistress of defendant's brother if untrue will support a finding of actual malice. Cornelius v. Cornelius, 233 Mo. 1, 25.   (7)   Defendant's Instructions 2, 3, 4 and 6 were properly refused.   The divorce and settlement therein of property rights did not preclude plaintiff from maintaining her action for alienation of affections.   DeFord v. Johnson, 251 Mo. 244; 21

Cyc. 1620; Clow v. Chapman, 125 Mo. 101; Modisett v. McPike, 74 Mo. 646; Nichols v. Nichols, 147 Mo. 387. (8) There was no error in refusing defendant's Instruction Number 5, which as a prerequisite to a recovery by plaintiff required the jury to find that the defendant "lawfully and maliciously induced the said Carl Hollinghausen to cease to live with plaintiff, etc." The gravamen of the cause of action submitted to the jury was not that the defendant caused the separation, but that she prevented a reconciliation. DeFord v. Johnson, 152 Mo. App. 209; Linden v. McClintock, 187 S. W. 82. (9) There was no error in refusing defendant's Instruction 10. (a) Because there is no initial presumption of good faith on the part of a brother or sister who interferes in the marital relations of a plaintiff. Barton v. Barton, 119 Mo. App. 529. (b) The instruction was fully covered in defendant's Instruction 15 given by the court. (c) There is no room in this case under the evidence for indulging in initial presumptions, since the rule is well settled that presumptions should not be indulged where the issue of fact is fully covered by evidence. Wizon v. Railroad Co., 141 Mo. 425; Lynah v. Street Ry. Co., 112 Mo. 420; Stack v. Baking Co., 223 S. W. 97. (d) The instructions throughout both for plaintiff and defendant imposed the burden of proving malice where it belonged, upon the plaintiff, and the verdict of the jury necessarily found that the defendant had not acted in good faith, but in malice. (10) In view of the peremptory instruction to the jury to return a verdict for the defendant, Carl Ade, the court did not err in setting aside the verdict as to that defendant and permitting the plaintiff to dismiss him from the action, and then entering judgment on the verdict against the remaining defendant, Emma Ade. The defendant, Emma Ade, being sued as a joint tortfeasor had no right either to have her co-tortfeasor sued or kept in the case, since between such wrongdoers there is no right of contribution. Berkson v. Cable Ry. Co., 144 Mo. 211; Rogers v. Rogers, 177 S. W. 382; Vo-

289 Mo.—24

dicka v. Sette, 223 S. W. 582; State ex rel. Dunklin Co.
v. Blakemore, 205 S. W. 626. (11) The verdict was not
excessive and there is no indication of passion or preju-
dice on the part of the jury. Gross v. Gross, 73 S. E.
(W. Va.) 961; DeFord v. Johnson, 177 S. W. 577; Fuller
v. Robinson, 230 Mo. 22; Waldron v. Waldron, 45 Fed.
315; Williams v. Williams, 30 Colo. 51; Lockwood v.
Lockwood, 67 Minn. 476; Scherph v. Szadeczky, 1 Abb.
Pr. 366; Speck v. Gray, 4 Wash. 589; Duberley v. Gun-
ning, 4 T. R. 651; Smith v. Ry. Co., 180 S. W. 1036; State
ex rel. v. Ellison, 268 Mo. 225.

MOZLEY, C.—This action was brought in the Jack-
son County Circuit Court, Missouri, in Kansas City, by
plaintiff, Grace D. Hollinghausen, against defendants,
Carl Ade and Emma Ade, his wife, to recover actual
damages in the sum of $25,000, and punitive damages in
the sum of $25,000 for alienating the affections of her
husband, Carl Hollinghausen, and thereafter prevent-
ing a reconciliation between them.

The petition alleges that plaintiff and Carl Holling-
hausen were lawfully married at Salina, Kansas, on the
— day of February, 1910, and thereafter lived happily
together until the 31st day of March, 1917. That May
the 11th, 1917, she obtained a divorce from her said hus-
band on account of certain grievous misdeeds of her said
husband, which are fully set out in "Exhibit A" in ap-
pellant's abstract.

It further alleges a wicked and malicious conspiracy
between defendants, who well knew they were so living
together as man and wife, to bring about an alienation
of the affections of her said husband, and a wicked and
malicious attempt (which it is alleged was successful) to
prevent a reconciliation between them, and prayed dam-
ages as above stated.

Defendants answered with a general denial of the
averments of the petition, and pleaded as defensive
matter the same divorce proceedings; that said divorce

was obtained by plaintiff against defendant on account of wrongs, by default, he having been duly served with summons. That pending said divorce proceedings a written contract was entered between plaintiff and her said husband by virtue of which her right to alimony and all rights she had in defendant's estate on account of being his wife were fully adjusted and finally settled for the sum of $7,500; that said adjustment was made voluntarily and with full knowledge on the part of plaintiff, and that it operated to estop her from recovering in the instant action.

The reply was a general denial of the new matter.

With the issues thus framed, trial was had before the court and a jury, which returned the following verdict:

"We, the jury, find for plaintiff and assess her actual damages at ten thousand dollars. We further allow her exemplary damages at five thousand dollars.

"GEORGE W. ERNST, Foreman."

Two days thereafter, to-wit, February 19, 1919, the following record entries were made.

"Now the court, of its own motion, on account of errors in instructions, sets the verdict aside in this case as to Carl Ade and grants Carl Ade a new trial of this cause.

"Now plaintiff dismisses this cause as to Carl Ade, defendant herein.

"Now the court orders judgment entered in accordance with the verdict of the jury." To which both defendants excepted.

Said judgment was to the effect that plaintiff have and recover from defendant the amount specified in the verdict with costs of suit and that she have execution therefor.

Then followed the usual judgment of dismissal as to Carl Ade.

Defendants offered no testimony.

We will further refer to the facts hereafter.

I.   The first assignment will be determined by the evidence.

Under this assignment it is insisted that the evidence was insufficient to establish a common-law marriage between plaintiff and Carl Hollinghausen.

Without setting the testimony on this point out in full, it is sufficient to state'that it shows that these parties, at Salina, Kansas, on the—day of February, 1910, entered into a present agreement to become man and wife; that in a few days they returned to the home of the mother of plaintiff, at Kansas City, Missouri, and introduced themselves as man and wife and received her blessings; that he provided an elegant home where he and plaintiff resided happily together until March 31, 1917, about seven years; that during that time they were both anxious to have a child born, but on account of some' impediment standing in the way, he had an operation performed on her which cost him about $350; that during all this time they treated each other as man and wife, were introduced as man and wife, and were so regarded among their friends and neighbors.

Common-Law Marriage.

The deposition of Emma Ade was taken by plaintiff and introduced in evidence which we quote from as follows:

"Q.   Prior to that time where was his home?   A. Why, he lived at Twenty-fifth and Troost.

"Q.   In an apartment?   A.   Yes, sir.

"Q.   And who lived with him or with whom did he live there at Twenty-fifth and Troost?   A. Grace Hildebrand.

"Q.   She is the plaintiff in this action? A.   Yes, sir.

"Q.   Were they living there together in the apartment?

"MR. ALYWARD: If you know?

"Q.   Yes, if you know.   You needn't testify to anything you don't know.   Were they living there together? A.   I suppose they were living there together.

"Q. I am asking you for your knowledge. Now, how do you know they were living there together? A. Why, because they were there together.

"Q. You saw them there? A. Yes, sir.

"Q. How long did they live there together in that apartment? A. Why, I am sure I don't know how long they lived there. .

"Q. No, I don't expect you to give it accurately, Mrs. Ade, but about how long they lived in those apartments there? A. Several years.

"Q. Did anyone live there with them? A. Not that I know of.

"Q. Did you visit them there in the apartments? A. Yes, sir.

"Q. About how often did you visit them there? A. Just occasionally.

"Q. Well, give us an idea about how long it was, once a week or once a month. A. Why, there was for a short time once a week and then occasionally it was longer. Sometimes a month, six weeks, eight weeks we didn't see one another.

"Q. During that two or three years that they lived there together in the apartment at Twenty-fifth and Troost did they visit you at your house sometimes? A. Yes, sir.

"Q. How often did Mr. Hollinghausen and the plaintiff visit you there at your house during the time they were living at Twenty-fifth and Troost? A. Just as I stated before, just occasionally.

"Q. Occasionally? A. Yes, sir.

"Q. Once a week or sometimes not so often? A. Yes, sir.

"Q. Yes, and they came there and would sometimes have meals? That is, they were entertained at your house. A. Yes, sir.

"Q. And sometimes they would entertain you and Mr. Ade at their house? A. Yes, sir.

"Q. And you were on good terms with them. A. Yes, sir. . . .

"Q. State what your conversation with your brother was on that occasion. A. As I stated, it was after she shot the negro; and it was in the newspapers that my brother was married.

"Q. Yes? A. I, the next day or two later, went to him and said, 'Brother if you were married why didn't you come and tell me? I am your only sister. Why didn't you tell me you were married? I never knew anything about it.' And my brother said, 'Emma I am not married. I am simply defending Grace for fear she may have trouble about the shooting affair.' "

We think this testimony was amply sufficient for submission to the jury for their determination, and the demurrer was properly refused.

And if the first part of said demurrer was intended to strike at the sufficiency of the petition as not stating facts sufficient to constitute a cause of action against defendants, without setting said petition out further, we think it stated a cause of action and it was good after verdict anyway. [Sec. 2119, R. S. 1909].

A valid marriage may be entered into between parties willing and competent to contract at common-law. [Dyer v. Brannock, 66 Mo. 391; State v. Cooper, 103 Mo. 266; State v. Hansbrough, 181 Mo. 348; Topper v. Perry, 197 Mo. 531; Plattner v. Plattner, 116 Mo. App. 405; Butterfield v. Ennis, 193 Mo. App. 638; 18 R. C. L. 391, par. 12.]

The jury has determined this question in favor of plaintiff, and their verdict is binding on us.

II. Instruction "G" as originally drawn, so far as is necessary to quote, reads as follows:

"If, therefore, you believe and find from the evidence that plaintiff and Carl Hollinghausen were husband and wife, and that defendant Emma Ade was in- tentionally guilty of such conduct as was cal- culated to cause their separation and to alien- ate the affections of the said Carl Hollinghausen, and by reason thereof the defendant did cause the affections

Causing Separation.

of said Carl Hollinghausen to be alienated from plaintiff, and did cause him to separate from and abandon plaintiff," etc.

Said instruction as modified omitted that part of the original instruction relating to the defendant being guilty of conduct that was calculated to cause their separation The original instruction manifestly submitted the case on a wrong theory—that of the conduct of the defendant causing the separation between these parties. The case was submitted to the jury solely on the averment in the petition that a reconciliation was wickedly and maliciously prevented between plaintiff and her husband; that he was kept separate and apart from her and communication between them prevented.

Where an instruction tenders to the finding of the jury the facts of an issue not in the case it is erroneous and would have been reversible error. [DeDonato v. Morrison, 160 Mo. 581, l. c. 591; Glass v. Gelvin, 80 Mo. 297; Silverthorne v. Summit Lumber Co., 190 Mo. App. 716.] We rule that said instruction was correct as modified and overrule defendant's objection thereto.

III. Instruction "B" as originally presented so far as is necessary to quote, reads as follows:

· "If, therefore, you believe from the evidence that plaintiff and Carl Hollinghausen were husband and wife, and that on or about March 31st, 1917, they quarrelled, and the said Carl Hollinghausen separated from plaintiff, and that thereupon defendant, Emma Ade, was intentionally guilty of such conduct as was calculated to prejudice plaintiff's husband against plaintiff and alienate him from her and to prevent a reconciliation between them, and that plaintiff was thereby deprived of the society, companionship, comfort, protection, aid and affection of her husband, your verdict will be for plaintiff."

Said paragraph of said instruction, as modified, reads as follows:

"If, therefore, you believe from the evidence that plaintiff and Carl Hollinghausen were husband and wife, and that on or about March 31st, 1917, they quarrelled, and the said Carl Hollinghausen separated from plaintiff, and thereafter defendant, Emma Ade, was intentionally guilty of such conduct as was calculated to and actually did," etc. Then the instruction concludes as above.

It will be observed that the modified instruction differs from the original in adding the words, actually did, after the words, calculated to.

We think the original instruction was erroneous in that it only required the jury to find that the alleged conduct of defendant was merely calculated to cause her husband's alienation and prevent a reconciliation between them, whereas, as modified the jury were required to find that said conduct actually did produce such result. The modified instruction "B" was correct, and we overrule defendant's objection thereto.

Instruction "A" and "E" announce correct propositions of law and we, therefore, overrule defendant's objections thereto.

IV. The court did not err in refusing to give defendant's instruction number 1, to the effect that there was no evidence of actual malice on the part of defendant toward the plaintiff, and that issue is withdrawn from your consideration. Under this record said instruction did not correctly state the law. A correct instruction on the subject of malice was given at the request of plaintiff. We overrule defendant's objection to the refusal of the court to give said instruction.

Malice.

V. Instructions, 2, 3, 4, and 6 were properly overruled. Numbers 2, 3 and 4 related to the proposition asserted by defendant that if the jury found that plaintiff had made the settlement pleaded in the answer by which she had received $7,500 in full

Estoppel.

of alimony and all her property rights in her husband's estate, that she was estopped from recovering in this action. This settlement had nothing to do with the instant case, and defendant was not a party to it; there was no mutuality respecting the matter as between plaintiff and defendant. "Mutuality is a necessary ingredient of an estoppel. There can be no estoppel upon one party unless the other party is equally estopped." [Hempstead v. Easton, 33 Mo. 142; City of Unionville v. Martin, 95 Mo. App. 28, and authorities cited at l. c. 39; DeFord v. Johnson, 251 Mo. 244.]

The court properly refused these instructions.

VI. Instruction 5 was properly refused because it sought to submit to the jury an issue not in the case.

Instruction 6 tells the jury that plaintiff could not recover damages for injury done to her feelings or the loss of support, comfort and society of her husband and these elements would be withdrawn from the consideration of the jury. These were elements plaintiff *could* recover for, and, hence, the instruction was properly overruled.

Feelings.

Instruction 7 told the jury that if plaintiff *caused the separation* between her and her husband and was not wrongfully induced to do so by either of the defendants, their verdict would be for defendants. The cause of their separation, as above seen, was not an issue of the cause, and therefore the instruction was properly refused.

Caused by Plaintiff.

Instructions 8 and 11 were properly refused.

VII. Instruction 10 told the jury that the *law presumes* that *counsel* or advice given by a sister to brother is given in good faith and from proper motives and honest impulses, the burden of proving that such was not the case was shifted to plaintiff to prove by a preponderance of the testimony that such advice was not given in good faith, and unless the jury find such facts exist to their personal satisfaction they will find for defendant, Emma Ade.

Sister's Privilege.

We agree with plaintiff that there is no initial presumption of good faith on the part of a brother or a sister who interferes in the marital relations of a plaintiff. This is vastly different from a case of parents interfering between husband and wife.

In the case of Barton v. Barton, 119 Mo. App. l. c. 532, it was held: "We are not to be understood as intimating that a parent may, *without good cause,* influence a child to separate from a spouse; to do so is a tort for which the parent, like any other person, is liable. We mean to say that the law recognizes a superior right of interference on the part of a parent; and will justify the interference for a cause which would be no justification in favor of another person. This rule prevails because of the law's respect for that anxiety parents feel for their children which impels to efforts to promote a child's welfare and happiness. This natural impulse prompts advice and assistance in domestic troubles, as well as in others."

We rule that the instruction was properly refused.

VIII. It is assigned as error that the court modified and gave instruction 20. Said instruction as originally requested by defendant reads as follows:

"The court instructs the jury that in the event your finding is for the plaintiff, you are only permitted to allow damages, if any, for the loss of affection, the society, companionship, and comfort of the said Carl Hollinghausen from the 25th day of April to the date of his death, on June 9, 1917."

Duration of Damages.

The modified instruction changed the date from when the damages accrued to March 31, 1917, to the date of his death June 9, 1917. There was no error in modifying said instruction, and the assignment is overruled.

IX. We rule that defendant's peremptory demurrers were properly overruled.

Plaintiff's instructions given to the jury presents the case sufficiently clear for their ready understanding,

and when read in connection with the thirteen given at defendant's request, which were quite liberal in her behalf, we think there is no doubt but that the case was properly instructed on.

X. Error is assigned in that the court failed to limit certain evidence by instruction which was received for the sole purpose of showing the state of mind, or affection, of the person making the statement. If defendant desired such instruction it was her duty to ask the court to give one. [Ratten v. C. E. Ry. Co., 120 Mo. App. 270; Sotebier v. Transit Co., 203 Mo. l. c. 721; Brown v. Globe Printing Co., 213 Mo. 611-613.] We overrule the assignment.

XI. Lastly defendant makes the point that the verdict is grossly excessive and is the result of passion and prejudice.

There is nothing in this record that shows the verdict was the result of *passion and prejudice,* and we cannot hold that it was.

Excessive Verdict.     As to being grossly excessive both sides cite the case of Fuller v. Robinson, 230 Mo. 32, to show the *pro et con* of the contention.

The citation of authorities on this point usually is only valuable in the particular case in announcing the general rule of this court on the question. But in the instant case, the case cited, supra, appears to have a concrete applicability. We quote from it as follows:

"A verdict for $10,000, in a suit for alienation of the affections of plaintiff's wife, is not excessive. There is no scale by which damages can be graduated with certainty in such cases, and the laws commits to the jury the duty of estimating the wrong done to the plaintiff, and with their discretion the court will not interfere except where they have clearly been actuated by unreasoning prejudice."

Defendant argues that plaintiff could recover damages only from the date of the separation to the date

of the divorce, which she calculates was 43 days. This is erroneous. As shown above, plaintiff requested an instruction to the effect that, if she recovered at all, she could recover until June 9, 1917, the date of the husband's death, and the court modified it making it read from March 31, 1917, the date of the separation, until June 9, 1917, the date of his death. Time is not of the essence of the plaintiff's right to recover; that right rests upon the wrong done her by defendant. She defendant's wicked and malicious efforts to keep plaintiff and her husband apart is abundantly disclosed by the evidence. It shows that the husband immediately came to her home when the separation occurred, and from that day until the date of his death she persistently and successfully kept them apart, so that they could not see each other, although she knew that they were anxious to become reconciled.

We overrule the point.

From what has been said above it follows that defendant's assignments that the court erred in overruling her motion for new trial and to arrest the judgment were properly overruled.

This disposes of all of defendant's assignments adversely to her contentions.

This record presents an almost unparalleled instance of wicked, malicious and unlawful interference by defendant in successfully preventing plaintiff and her husband from affecting a reconciliation, and we affirm the judgment. It is so ordered. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of Mozley, C., is hereby adopted as the opinion of the court. All of the judges concur.

ON MOTION FOR REHEARING.

PER CURIAM:—The appellant complains of error in the giving of Instruction G, which is substantially, if

not literally, a copy of Instruction B before it was modified by the court. The portion complained of by appellant is as follows:

"And that, thereupon, defendant Emma F. Ade was intentionally guilty· of such conduct as was calculated to prejudice plaintiff's husband against plaintiff and to alienate him from her and to prevent a reconciliation between them, and that plaintiff was thereby deprived of the society, companionship, comfort, etc., . . . your verdict will be for the plaintiff."

I. On a reconsideration of the case, we see no error in this instruction, nor was there any need for the modification of Instruction B. If the jury found that by the intentional interference of Emma Ade com-
Instruction.  plained of, the plaintiff was deprived of the companionship of her husband, then plaintiff was entitled to a verdict. The appellant's criticism of the instruction is without merit.

II. Appellant complains of the setting aside of the verdict against both of the defendants, the granting of
Dismissal  a new trial as to the defendant Carl Ade, the
as to One  dismissal of the case as to him, and the rendi-
Tortfeasor.  tion of judgment against the defendant Emma
Ade.

When the evidence for the plaintiff was closed, the court sustained a demurrer as to the defendant Carl Ade, and gave an instruction directing the jury to find a verdict in his behalf. As will be seen by instructions B and G, given for the plaintiff, the court submitted the case solely on the issue between the plaintiff and the defendant Emma Ade; that is, if the jury found Emma Ade guilty of the conduct charged and plaintiff was thereby deprived of the companionship, etc., of her husband, the verdict should be for the plaintiff. It authorized a verdict solely against Emma Ade. Carl Ade was out of the case and no verdict could be or was in fact rendered against him. All that was necessary was a formal dis-

missal as to him. So it is apparent that the verdict and judgment disposed of all the parties and issues in the case.

Appellant relies on Hughey v. Eyssell, 167 Mo. App. 564, l. c. 565. As said in State ex rel. Dunklin County v. Blakemore, 275 Mo. 695, l. c. 703, it is unnecessary to discuss the soundness of the rule as applied in that case. The trial court, by its instruction, withdrew the case from the jury as to Carl Ade, and submitted the issues solely between the plaintiff and the appellant. We must assume the jury had sufficient intelligence to understand the instructions of the court and that they were not authorized to return a verdict against Carl Ade. There was no occasion for the court to set aside the verdict as against Carl Ade and grant him a new trial, for the simple reason that no verdict was returned against him.

The motion for rehearing is overruled. All concur.